[No. 2294.]

## WILLIAM HEINEMAN *v.* THE STATE.

EMBEZZLEMENT—INDICTMENT—THEFT.—Under the statute of this State,. embezzlement is punishable as theft. The minimum and maximum punishment for horse theft is respectively five and fifteen years. The minimum and maximum punishment for the theft of property of or exceeding the value of twenty dollars is respectively two and ten years. A count in an indictment which charges two distinct offenses is bad—burglary and theft being an exception to this rule. The indictment in this case charged in a single count the embezzlement of a horse, and also a gun and pistol of the combined value of twenty dollars. *Held.* that the two kinds of theft charged constitute two separa'e offenses, and the indictment was bad for duplicity; wherefore the exceptions to the same were erroneously overruled.

APPEAL from the District Court of Nueces. Tried below before the Hon. J. C. Russell.

The opinion sets out the substance of the indictment upon which the appellant was convicted of embezzlement. A term of five years in the penitentiary was the penalty assessed against him.

*Stanley Welch*, for the appellant.

*J. H. Burts*, Assistant Attorney General, for the State.

WILLSON, JUDGE. This is a conviction for embezzlement, upon an indictment which charges that the defendant was the agent of one John Parker, and that by virtue of his said agency there came into his possession one horse, one gun of the value of ten dollars, and one pistol of the value of ten dollars, all the property of said John Parker, and that defendant did fraudulently embezzle, etc., the said property. Exceptions to the indictment

having been overruled, a trial was had which resulted in defendant's conviction of the offense of embezzlement, and his punishment was assess ᴊ at confinement in the penitentiary for the term of five years.

We are of the opinion that the indictment is duplicitous, and that it was error to overrule the defendant's exceptions to it. "A count in an indictment which charges two distinct offenses is bad." (Whart. Crim. Pl. and Prac., sec. 243; 1. Bish. Crim. Proc., sec. 432.) By our statute embezzlement is punishable as theft. (Penal Code, Art. 786.) Theft of a horse is punishable by confinement in the penitentiary not less than five nor more than fifteen years. (Penal Code, Art. 746.) Theft of property of the value of twenty dollars or over is punishable by confinement in the penitentiary not less than two nor more than ten years. (Penal Code, Art. 735.) It is clear that these two kinds of theft constitute separate and distinct felonies to which are attached different penalties. They can not, therefore, be charged in one and the same count without rendering the indictment duplicitous. An exception to this rule is in the case of burglary and theft, which may be charged in the same count. (Turner v. The State, *ante*, p. 42.)

There are other errors in this conviction, but, as there can be no other trial under this indictment, we do not feel called upon to discuss them. Because the indictment is fatally defective, the judgment is reversed and the prosecution is dismissed.

*Reversed and dismissed.*