## No. 2650.

## JAMES ALEXANDER *v.* THE STATE.

FRAUDULENT DISPOSITION OF MORTGAGED PROPERTY—INDICTMENT to charge the fraudulent sale or disposition of mortgaged property must allege the name of the person to whom the same was sold or disposed of, or, if such be the fact, that the name of such person was to the grand jurors unknown.

APPEAL from the District Court of Travis. Tried below before the Hon. W. M. Key.

This conviction was for the fraudulent disposition of mortgaged property, and the penalty assessed against the appellant was a term of two years in the penitentiary.

No brief on file for appellant.

*W. L. Davidson,* Assistant Attorney General, for the State.

WILLSON, JUDGE. This conviction is for the fraudulent sale and disposition of mortgaged property. It is not alleged in the indictment to whom the defendant sold or disposed of the property, or that such person was unknown to the grand jury.

It is essential that the name of the person to whom the property was sold or disposed of should be alleged, or that it be

alleged that the name of such person was unknown to the grand jury; and the omission of such an allegation is a substantial and fatal defect in the indictment. (Presley v. The State, 24 Texas Ct. App., 494; ——— v. State, 26 Texas Ct. App., .)

Because the indictment is insufficient the judgment is reversed and the prosecution is dismissed.

*Reversed and dismissed.*

Opinion delivered January 23, 1889.