## DALLAS TERM, 1895.

### RAFAEL PISANO V. THE STATE.
#### *No. 579.   Decided January 12.*

1. **Indictment—Duplicity.**—In order to constitute duplicity in an indictment, two or more distinct felonies must be averred in the same count.

2. **Same—Counts—Distinct Offenses—Election.**—It is the proper practice to set out distinct offenses in different counts; and where the evidence develops distinct transactions, the State should be required to elect upon which count the conviction would be asked.

3. **Same—Repugnancy.**—Repugnancy in an indictment is where two inconsistent allegations are pleaded in the same count.

4. **Same—Theft—Counts—Allegations in of Different Ownership.**—Where the two different counts in an indictment for theft alleged that the stolen property belonged to different persons, *Held*, the indictment was neither repugnant nor duplicitous.

5. **Refused Instructions—Practice.**—Requested instructions are always properly refused when not warranted by the evidence adduced at the trial.

APPEAL from the District Court of Duval. Tried below before HON. A. L. McLANE.

This appeal is from a conviction for theft of four horses, the property of Miguel de la Garza, the punishment being assessed at five years'

imprisonment in the penitentiary. The indictment contained two counts, and the conviction was upon the first count.

No statement is necessary.

No briefs have come to the hands of the Reporter.

DAVIDSON, JUDGE.—Motion was made to quash the indictment, because it charged no offense; because it was repugnant; and because it was duplicitous, and charged two separate and distinct offenses. The indictment contained two counts. The first alleged theft of four horses from Miguel de la Garza; the second charged theft of four horses from Reyes Pena. In order to constitute duplicity, two or more distinct felonies must be averred in the same count. In this indictment distinct offenses are apparently set out in different counts. This is the proper practice. If the evidence develops distinct transactions, the State should be required to elect upon which count the conviction would be asked. As to repugnancy, it may be stated, in a general way, to consist in pleading two inconsistent allegations in the same count. It does not apply to repugnancy which of necessity exists between different counts in the same indictment. The exceptions are not well taken. Boren v. The State, 23 Texas Crim. App., 35; Willson's Crim. Stats., secs. 1989, 1990.

Special instructions requested by appellant, in effect directing an acquittal if he was guilty of robbery, were properly refused, because not warranted by the testimony adduced on the trial.

We are of the opinion the evidence amply supports the verdict, the charge is fair and full, and the judgment should be affirmed, and it is so ordered.

*Affirmed.*

Judges all present and concurring.