**Richard A. HELMUS, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 38728.**

Court of Criminal Appeals of Texas.

Dec. 1, 1965.

Rehearing Denied Jan. 19, 1966.

Blanchard, Clifford, Gilkerson & Smith, John J. C. O'Shea, Lubbock, for appellant.

Alton R. Griffin, Dist. Atty., J. H. Schuetzeberg, Asst. Dist. Atty., Lubbock, and Leon B. Douglas, State's Atty., Austin, for the State.

McDONALD, Presiding Judge.

Appellant was indicted for murder with malice; the indictment reads as follows:

"* * * did then and there unlawfully and willfully and voluntarily with his malice aforethought kill Jeffrey Helmus by striking him with his hand, and the said Richard A. Helmus did then and there unlawfully and willfully and voluntarily with his malice aforethought kill Jeffrey Helmus in some manner and by some means, instrument or weapon to the Grand Jury unknown, against the peace and dignity of the state."

Trial was had before a jury and the appellant was found guilty of the offense of aggravated assault, a lesser included offense of the charge in the indictment. Punishment was assessed at confinement in the county jail for two (2) years.

The sole contention urged by appellant is that the trial court erred in refusing to grant his motion to quash the indictment on the theory that it is fundamentally defective as it is repugnant because it contains allegations inconsistent with each other in the same count, all of which cannot be true.

Appellant cites us a definition of repugnancy taken from the early case of Pisano v. State, 34 Tex.Cr.R. 63, 29 S.W. 42, but he did not oblige us with the holding in that case. We shall do so. In that case a motion was made to quash the indictment, because it charged no offense; because it was repugnant; and because it was duplicitous, and charged two separate and distinct offenses. The indictment contained two counts. The first alleged theft of four horses from Miguel de la Garza; the second charging theft of four horses from Reyes Pena. This court held:

"In order to constitute duplicity, two or more distinct felonies must be averred in the same count. In this indictment distinct offenses are apparently set out in different counts. This is the proper practice. If the evidence develops distinct transactions, the state should be required to elect upon which count the conviction would be asked. As to repugnancy, it may be stated, in a general way, to consist in pleading two inconsistent allegations in the same count. *It does not apply to repugnancy which of necessity exists between different counts in the same indictment.* (Emphasis added.) The exceptions are not well taken."

It may readily be observed that the definition taken out of context means one thing but read in proper context means another.

In his brief appellant cites and correctly quotes a definition of repugnancy taken from Brown v. State, 96 Tex.Cr.R. 409, 257 S.W. 891:

"An indictment is said to be 'repugnant' when in the same count it contains allegations inconsistent with each other, both of which cannot be true and there is no means of ascertaining from the face of the indictment which is meant."

In the Brown case the appellant there advanced the theory that the indictment offended against the rule against repugnancy in that it alleged that appellant was the keeper of a gambling house, and also that he permitted the house kept to be used for the purpose of gaming, and that these are separate offenses denounced by statute. This Court then stated the above definition of repugnancy and further stated that "[a]n indictment is 'duplicitous' when in the same count two separate offenses are charged, or in which two or more phases of the same offense are charged, each carrying a different punishment." Speaking through Presiding Judge Morrow, this Court held: "This indictment may be duplicitous, but we fail to perceive its repugnancy. That it was duplicitous did not render it subject to attack after verdict."

Alexander v. State, 27 Tex.App. 94, 10 S.W. 764 also cited by appellant, was an appeal from a conviction for the offense of a fraudulent sale and disposition of mortgaged property. The indictment did not allege to whom appellant sold or disposed of the property, or that such person was unknown to the grand jury. This Court held, and we agree, that it is essential that the name of the person should be alleged or that it be alleged in the indictment that the name of such person was unknown to the grand jury, and such an omission was held to be a fatal defect. We can find no solace for appellant in this holding.

Burt v. State, 38 Tex.Cr.R. 397, 40 S.W. 1000, 39 L.R.A. 305, 330, opinion on rehearing reported in 43 S.W. 344, is a landmark case in our jurisprudence. The opinion was written by Presiding Judge Hurt in 1897. We quote:

"A number of methods, modes, and instruments were alleged to have been used in the perpetration of the crime. The indictment alleges that it was 'by then and there striking, beating, and wounding the said Anna M. Burt upon her head and face, with a hatchet and some heavy instrument, a better description of which the grand jurors are unable to give, thereby fracturing the skull and the bones of the face of the said Anna M. Burt, and by then and there tying tightly around the throat and neck of said Anna M. Burt a handkerchief, thereby strangling and suffocating the said Anna M. Burt, and by then and there wrapping around the head and body of said Anna M. Burt a blanket, and securely tying same thereon with rope, and then and there throwing said Anna M. Burt, so wrapped and tied, in a cistern partially filled with water, sufficient to submerge the body of said Anna M. Burt.' This indictment is correctly drawn. Where there is doubt about how the death was produced, it is well to put every means suggested by proof in the indictment; and, if proof be made of one of the means, it is unnecessary to prove them all. It is not necessary to cite any authority to sustain this proposition."

In Medina v. State, Tex.Cr.App., 49 S.W. 380, the indictment charged that the death of deceased was occasioned by defendant beating her with a stick and a whip, and by starving her, and by hanging her with a rope. Judge Henderson, speaking for this Court, said: "[W]e believe the same was a good indictment, and under it, in our opinion, proof could be made of all the causes; and, if any one was proved, it would be sufficient, or, if all were proved, and together they cooperated to produce the death of deceased, this could be done."

Succinctly stated, the effect of the language in the indictment in the case at bar, when fairly construed, is to allege jointly the use of the several means therein stated to produce the effect charged.

■ It is well settled from opinions in later cases that several means of killing may be alleged in the same count. Whiteside v. State, 111 Tex.Cr.R. 116, 12 S.W.2d 218. Stanley v. State, 120 Tex.Cr.R. 450, 48 S.W. 2d 279, was a murder case with a three count indictment, charging that appellant

with killing by hitting and striking, and beating with a gun; by hitting, striking and beating with a bottle; and by killing in some manner unknown to the grand jury. Also, see Gentry v. State, 172 Tex.Cr.R. 345, 356 S.W.2d 793.

The sufficiency of the evidence is not before us. We have no statement of facts.

Finding no error in the action of the trial court, the judgment is affirmed.