## THE STATE OF TEXAS V. LUKE EDMONDSON.

1. INDICTMENT—DUPLICITY.—An indictment is not bad for duplicity which contains a statement of the facts connected with and forming part and parcel of the offense, although such facts be complicated and various, by which the guilt of the defendant may be established.

2. INDICTMENT.—See indictment held not subject to the objection of duplicity.

APPEAL from Lamar. Tried below before the Hon. J. C. Easton.

This is an appeal from a judgment quashing an indictment for murder preferred against the appellee. The charging part of the indictment is as follows:

"That on the tenth (10th) day of February, A. D. 1873, in the county of Lamar, in said State of Texas, with force and arms, one Luke Edmondson, in and upon one Julia Edmondson, a child, feloniously, willfully, and of his express malice aforethought, did make an assault, and with a certain stick, which Luke Edmondson then and there

had and held, her, the said Julia Edmondson, did cruelly and unmercifully and inhumanly beat, bruise, wound, and ill-treat, inflicting upon her, the said Julia Edmondson, with the stick aforesaid, fifty mortal wounds in and upon the back, legs, hands, feet, breast, and head of her, the said Julia Edmondson, all of which said wounds were inflicted by the said Luke Edmondson in and upon the said Julia Edmondson willfully, maliciously, and of the said Luke Edmondson's express malice aforethought; and the said Luke Edmondson did, on the said tenth day of February, 1872, her, the said Julia Edmondson, with a certain hoe, the same being a deadly weapon, beat, bruise, wound, and ill-treat, inflicting upon her, the said Julia Edmondson, feloniously, willfully, and of his, the said Luke Edmondson's, express malice aforethought, two mortal wounds with the hoe aforesaid in and upon the head and neck of her, the said Julia Edmondson; and the said Luke Edmondson did, on the said 10th day of February, 1872, and for various days before the said tenth day of February, 1872, and after, chain said Julia Edmondson with chains, and tie her with ropes, and expose her to cold, and deprive her of food and clothing and shelter, (and other cruel, inhuman, and barbarous acts did then and there to the said Julia Edmondson,) all of which acts were done and performed in and upon the said Julia Edmondson by the said Luke Edmondson willfully, maliciously, and of his express malice aforethought; and on the said tenth day of February, 1872, the said Luke Edmondson, feloniously, willfully, and of his express malice aforethought, her, the said Julia Edmondson, did slap with his hand, beat with his fist, and stamp with his feet in and upon the face, head, breast, neck, body, legs, hands, and feet of her, the said Julia Edmondson, inflicting upon her, by the means and in the manner aforesaid, fifty mortal wounds; and on the said tenth day of February, 1872, the said Luke Edmondson her, the said Julia Edmondson, did, when so beat, bruised, deprived of

clothing, food, and shelter, cruelly, inhumanly, barbarously, willfully, and of his express malice aforethought, force to work and labor beyond her strength, of which which said mortal wounds, bruises, exposure, deprivations of food, clothing, and shelter, cruel, barbarous, and inhuman treatment, chaining and tying with chains and ropes, slapping, beating, and stamping, so inflicted by him, the said Luke Edmondson, willfully, maliciously, and of his express malice aforethought, in and upon her, the said Julia Edmondson, at the time and in the manner and by the means aforesaid, she, the said Julia Edmondson, did linger, and lingering did, on the tenth day of March, A. D. one thousand eight hundred and seventy-two, thereafter, of the wounds, bruises, exposures, deprivations of food, clothing, and shelter, cruel, barbarous, and inhuman treatment, chaining and tying with chains and ropes, slapping, beating, and stamping, die; and so the grand jurors aforesaid, on their oaths aforesaid, do say that the said Luke Edmondson the said Julia Edmondson, in the manner and by the means and at the time aforesaid, feloniously, willfully, and of his express malice aforethought, did kill and murder."

*George Clark, Attorney General,* for the State.

MOORE, ASSOCIATE JUSTICE.—By the common-law system of criminal pleading, if it is desired to charge the offense in different forms to meet the facts as they may be developed upon the trial, this must be done by alleging in different counts the various phases of the offense upon which it is deemed necessary to rely to secure the conviction of the offender as distinct offenses. While, if the matters which may be thus alleged in different counts of the indictment, and which in mere fiction of law are regarded as presenting separate offenses, were embodied in a single count, the indictment would unquestionably he held bad for duplicity. It is to the Code of Criminal Procedure, however, and not

to the common-law rule that we must look for our guide in determining the sufficiency and validity of the indictment.

By the code an indictment is defined to be "the written statement of a grand jury accusing a person of some act or omission which by law is declared to be an offense." (C. C. P., art. 394.) The leading requisite as to the facts to be alleged in this written statement, by way of accusing the defendant of the act or omission for which he is indicted, is that "the offense must be set forth in plain and intelligible words." No technical or formal manner of doing this need be observed or followed. The clear and simple detail of the facts showing the act or omission declared by law to constitute the offense with which it is sought to charge the defendant is all that is required. While under the liberal rule which has characterized the practice under the code the statement of the offense may be encumbered with superfluous reiteration, or different phases of its facts may be set forth in different counts, to do so is obviously a departure from the spirit and object of the code. If distinct and independent offenses are charged in the indictment, the objection of duplicity may be as applicable to it, if not more so under the code than at common law. But the mere statement of the facts connected with and forming part and parcel of the offense, however complicated and various by which defendant's guilt may be established, may be appropriately alleged in the indictment, without separating them into different counts, and thereby presenting them as wholly disconnected and distinct transactions.

The indictment in this case is drawn with unnecessary fullness and particularity. But it cannot be said that it does not "set forth in plain and intelligible words" the acts of the defendant by reason of which he is charged to be guilty of the crime for which he is indicted. In point of technical accuracy and exactness of language objection may be

taken to the great number and different character of *mortal* wounds alleged to have been given to the deceased. But the plain import of the indictment is that on the day named therein by the blows inflicted with a stick, by those given with the hoe, by the cruel acts alleged, the exposure to cold and deprivation of food, by the slappings, beatings, and stampings charged, defendant did kill and murder the deceased. That each one of the wounds given is alleged to have been mortal is of little moment. Even at common law it may be alleged that the party died of the divers poisons or wounds charged to have been administered or given, without averring that he died of any one of them in particular, for, as it is said, the truth may be that none of them alone, but all together, caused the death. (2 Haw. P. C., ch. 23, sec. 83.) And as is justly said in the case of The State *v.* Baker *et al.*, 63 N. C., 276: "The killing is the substance, the mode is the form; and while it is important that the prisoner be sufficiently informed of the charge against him, so that he may make his defense, yet he cannot complain that he is informed that if he did not do it in one way he did it in another, both ways being stated, and it is not to be tolerated that the crime is to go unpunished because the precise manner of committing it is in doubt." With as little reason can the accused complain because it is alleged that each of the acts of violence with which he is charged and by means of which he is alleged to have murdered the deceased is stated to have caused the death.

The judgment is reversed and the cause remanded.

REVERSED AND REMANDED.