### Joe Torey v. The State.

#### No. 2119.  Decided February 28, 1900.

**1. Impeachment of Witness.**

Where a witness has not denied a statement imputed to him he can not be impeached by proof that he made such statement.

**2. Same—Bill of Exceptions.**

Where the exclusion of evidence is the basis for a bill of exceptions, the bill must show the purpose sought for which the excluded testimony was offered, and if it was offered for the purpose of establishing a statement made by a witness tending to impeach his testimony the bill must show that said witness had in his testimony denied making the imputed statement.

**3. Argument of Counsel—Allusion to Defendant's Failure to Testify.**

Where the district attorney in his argument used the following language, to wit; "Counsel for defendant says the grand jury hears only one side of the case. As

an original proposition that is true, and I want to call your attention to the fact that you have heard only one side of the case." Held, this can not be considered an allusion to defendant's failure to testify.

**4. Defendant's Failure to Testify—Charge of Court as to.**

While it is not error for the court to instruct the jury that defendant's failure to testify in his own behalf is not to be taken as a circumstance against him, yet a failure of the court to give such a charge does not constitute reversible error. Following Prewett v. State, ante, p. 262.

Appeal from the Criminal District Court of Galveston. Tried below before Hon. A. C. Allen.

Appeal from a conviction of burglary; penalty, two years imprisonment in the penitentiary.

Inasmuch as the opinion of the court on this appeal deals only with the law points decided, a general statement of the facts in the case becomes unnecessary.

*Byron Johnson & Marsene Johnson,* for appellant.

*Dave W. Wilcox* and *Rob't A. John,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—Appellant was convicted of burglary. His first bill of exceptions states that he had sworn and placed upon the stand as a witness A. H. Tacquard, and offered to prove by him that Lockhardt, the owner of the burglarized house, stated in the presence and hearing of W. D. Volk, on the morning of and preceding appellant's trial, that he (Lockhardt) was not positive whether he left his slaughter-house closed or open at the time appellant was charged with breaking and entering it; that he left it about 4 o'clock in the afternoon of the day prior to such entry, and that he was not sure whether or not he closed it before leaving. The State objected on the ground that the witnesses had been sworn and placed under the rule, and the witness Tacquard had not been out of the hearing of Lockhardt while testifying. The court qualifies this bill by stating that appellant invoked the rule as to all witnesses except those who testified as to character, and that said Tacquard and some others were not placed under the rule at appellant's request. It will be noticed that this bill fails to state for what purpose this testimony was offered. It is not shown in the bill that Lockhardt denied making the statement sought to be imputed to him. This testimony could only be introduced for the purpose of impeaching Lockhardt.

The district attorney used the following language in his closing argument to the jury: "Gentlemen of the jury, counsel for defendant says, 'The grand jury hears only one side of the case.' As an original proposition, that is true, and I want to call your attention to the fact that you have heard only one side of the case." This was objected to on the ground that it was an allusion to the failure of the defendant to testify in his own behalf. The court, in explanation to the bill,

states that defendant's counsel had stated, "Gentlemen of the jury, the grand jury hears only one side of the case." We do not believe the remark of the district attorney is an allusion to the failure of the defendant to testify.

The third ground of the motion for new trial was reserved to the failure of the court to charge the jury that the failure of the defendant to testify in his own behalf could not be taken as a circumstance against him. We have held that it is not error for the court to give this law in charge to the jury when defendant has not testified in his own behalf. But we are aware of no case holding it reversible error for the court to fail to give such charge, but have held it was not error. Prewett v. State, ante, p. 262. The testimony is amply sufficient, and the judgment is affirmed.

*Affirmed.*

[NOTE.—Appellant's motion for rehearing, filed March 3, 1900, was overruled without a written opinion.—Reporter.]