## OSCAR HICKMAN v. THE STATE.

### No. 1391. Decided December 13, 1911.

**1.—Unlawful Raffle—Indictment.**

Where the indictment is drawn in the language of the statute and the offense could be committed by establishing a raffle or disposing of personal property by such means, an objection that the indictment charged two separate and distinct offenses is untenable. Following Nicholas v. State, 23 Texas Crim. App., 317. Nor was the court's refusal to hear argument reversible error.

**2.—Same—Evidence—Value—Harmless Error.**

Where, upon trial of unlawfully establishing a raffle, the objection to the manner of interrogation of the witness as to the value of the property was not such error as to cause a reversal, the same was harmless.

**3.—Same—Evidence—Ignorance of the Law.**

Upon trial of unlawfully establishing a raffle, there was no error in refusing to permit defendant to prove that others disposed of property in the same manner he did, and that he did not know that it was a violation of the law. Following Chaplin v. State, 7 Texas Crim. App., 87, and other cases.

**4.—Same—Charge of Court—Bill of Exceptions.**

In the absence of a bill of exceptions a failure to submit special instructions in a misdemeanor case can not be considered on appeal.

**5.—Same—Sufficiency of the Evidence.**

Where, upon trial of unlawfully establishing a raffle, the evidence sustained a conviction, there was no error.

**6.—Indictment—Description of Property.**

Where, upon trial of unlawfully establishing a raffle, the indictment failed to allege what personal property was disposed of by raffle, the same was insufficient.

Appeal from the County Court of Montague. Tried below before the Hon. A. W. Ritchie.

Appeal from a conviction of unlawfully establishing a raffle; penalty, a fine of $5.

The opinion states the case.

*Jameson & Spencer,* for appellant.—On question of insufficiency of indictment: Dailey v. State, 11 S. W. Rep., 636; Ellison v. State, 25 Texas Crim. App., 328; Radford v. State, 33 Texas Crim. Rep., 520.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—Appellant was indicted by the grand jury of Montague County, alleging that he "did then and there unlawfully establish a raffle and dispose by raffle of certain personal estate, the said estate then and there being less than five hundred dollars in value," and containing all other material allegations.

Appellant filed a motion to quash the indictment "because said indictment charges two separate and distinct offenses in one count, in that it charges that. defendant established a raffle and also that he disposed of personal property by raffle."

The indictment is drawn in the language of the statute, and the offense could be committed by establishing a raffle or by disposing of personal property by such means. In the case of Nicholas v. State, 23 Texas Crim. App., 317, this court holds:- "It seems that whether or not offenses are to be treated as separate and distinct specific offenses, depends upon whether or not they are embraced within the same general definition and punishable in the same manner. If they are, then they are not distinct offenses, and it is permissible to unite them in one count in the same indictment. Discussing the subject, Mr. Bishop says: 'It is common for a statute to declare that if a person does this, or this, or this, he shall be punished in a way pointed out. Now, if in a single transaction he does all the things, he violates the statute but once, and incurs only one penalty. Yet he violates it equally by doing only one of the things. Therefore an indictment upon a statute of this kind may allege in a single count that the defendant did as many of the forbidden things as the pleader chooses, employing the conjunction "and" where the statute has "or," and it will not be double; and it will be established at the trial by proof of any one of them.' (Bish. Crim. Proc., sec. 436; State v. Smith, 24 Texas, 285; People v. Book, 16 N. Y. Weekly Dig., March 9, 1883.)

"In the State v. Edmundson, 43 Texas, 162 (quoting from the State v. Baker, 63 N. C., 276), it is said: 'While it is important that the prisoner be sufficiently informed of the charge against him so that he may make his defense, yet he can not complain that he is informed that if he did not do it in one way he did it in another, both ways being stated, and it is not to be tolerated that the crime is to go unpunished because the precise manner of doing it is in doubt.' When offenses are several in their nature, and yet of such a character that one of them, when complete, necessarily implies the other, there is no such repugnancy as to make their joinder improper. (Randle v. The State, 41 Texas, 292.)" See also Phillips v. The State, 29 Texas, 236; Berliner v. State, 6 Texas Crim. App., 181; Waddell v. The State, 1 Texas Crim. App., 720; Day v. State, 14 Texas Crim. App., 26. Neither was there any error in the court refusing to hear argument on the motion to quash the indictment. This is a matter solely within the discretion of the trial court, and if he does not desire to hear argument on a motion of this character, if he errs in refusing to quash the indictment, his action in so doing is subject to review by this court.

In bills of exception Nos. 2 and 3, defendant complains that a witness was asked, "what was the value of the gun?" to which the witness answered, $1.50 or $2; and that another witness was permitted to answer that he sold the gun, which the evidence shows was disposed of by a raffle, for $4. The objections being that this was not a proper method in which to prove the value of the gun. While this is not the proper way to prove the value of property in a case of this character, and if there was any question raised in the record that the gun did not have some value, or that its value exceeded the sum of $500, there

would be force in appellant's contention, but inasmuch as the gun had a value as shown by the evidence, and that its value did not near approach the sum of $500 (which would be punishable in a different sum) the error is not such as should call for a reversal of the case.

In bills of exception Nos. 4 and 5, appellant complains that the court erred "in refusing to permit him to prove that others disposed of property in the same manner that he disposed of this property; that he did not know it was a violation of the law, and if he had known it was a violation of the law he would not have disposed of the gun in this manner." That others had also violated the law would be no excuse or justification. Art. 46 of the Penal Code provides: "No mistake of law excuses one committing an offense; but if a person laboring under a mistake, as to a particular fact, shall do an act which would be otherwise criminal, he is guilty of no offense." (Art. 47.) "The mistake as to fact which will excuse, under the preceding article, must be such that the person so acting under a mistake would have been excusable had his conjecture as to the fact been correct; and it must also be such a mistake as does not arise from a want of proper care on the part of the person committing the offense."

In this case appellant only insists that he did not know that the acts he was committing was an offense—he committed the very act he intended to commit. As said in the above articles of the statute, no mistake of law excuses anyone. Chaplin v. The State, 7 Texas Crim. App., 82; Jones v. State, 32 Texas Crim. Rep., 533; Thompson v. The State, 26 Texas Crim. App., 94; Medrano v. State, 32 Texas Crim. Rep., 214.

Appellant complains of several paragraphs of the charge of the court in his motion for a new trial, and the failure of the court to give special instructions requested by him, but the special instructions requested do not relate to the matter as is complained of in the main charge. No bills of exceptions were reserved to the failure to give the special instructions, nor to any paragraph of the court's charge. This being a misdemeanor case, we can not review these matters when no bills of exceptions were reserved. Downey v. The State, 33 Texas Crim. Rep., 381; Lloyd v. The State, 19 Texas Crim. App., 321; Basquez v. State, 56 Texas Crim. Rep., 329; Bradley v. State, 60 Texas Crim. Rep., 398, 136 S. W. 446.

Appellant insists that the facts do not show that appellant disposed of the gun by a raffle. The facts show that appellant put numbers from one to forty in envelopes, and sold the envelopes for the number of cents corresponding with the number in the envelope drawn. The names of the purchasers were placed on a circular board, whirled and shot at; the person's number to which a shot came nearest, won the gun. This court held this constituted a raffle in the case of Risien v. State, 71 S. W. Rep., 974.

Judgment affirmed.

*Affirmed.*

ON REHEARING.

January 3, 1912.

HARPER, JUDGE.—On a former day of this term, the judgment in this case was affirmed. Appellant has filed a motion for rehearing, in which he insists that we erred in holding the indictment sufficient. Our attention was only called to the ground for quashing the indictment, discussed in the original opinion, and to the holding on that ground we adhere. But in the motion for rehearing it is urged that the indictment is defective in that it does not allege what personal property was disposed of by raffle, merely stating that he did dispose of certain personal estate without naming the property. This contention, it seems, is well taken. The indictment, after stating that appellant "did dispose by raffle of certain personal estate," should have named the property thus disposed of. In this instance the evidence would indicate that it was a gun, but whether it was a gun, horse, buggy, or other species of property, it should be named, that a defendant may be fully apprised of what he is charged by indictment.

The motion for rehearing is granted. The court erred in not sustaining the motion to quash the indictment; and the cause is reversed and dismissed.

*Reversed and dismissed.*