### Mike O'Marrow v. The State.

#### No. 1447.    Decided May 8, 1912.

**1.—Embezzlement—Partnership.**

One who appropriates to his use partnership effects is not guilty of embezzlement under the statute.

**2.—Same—Jurisdiction.**

Article 240, Code Criminal Procedure, provides that the offense of embezzlement may be prosecuted in the county in which the defendant received the property.

**3.—Same—Partnership, Definition of.**

Where, upon trial of embezzlement, the evidence showed that under the agreement between defendant and the prosecutor the former would only be an employee of the latter, receiving a part of the profit as compensation for his services, the same was not a partnership. Following Buzard v. Bank, 67 Texas, 83.

**4.—Same—Sufficiency of the Evidence.**

Where, upon trial of embezzlement, the evidence showed that the alleged partnership between defendant and the prosecutor was but a conditional agree-

ment with the conditions of which defendant did not comply, the same was not a sufficient defense, and the conviction was sustained.

### 5.—Same—Charge of Court—Partnership—Weight of Evidence.

Where, upon trial of embezzlement, the defense interposed the defense of partnership between defendant and prosecutor and the court's charge thereon was more favorable to defendant than the law required, and the same was not on the weight of the evidence, there was no error.

### 6.—Same—Misconduct of Jury.

Where the alleged extrinsic matter which was discussed in the jury room was not of a material character and did not affect the issue in the case, there was no reversible error.

### 7.—Same—Charge of Court—Defensive Matter.

Where, upon trial of embezzlement, the court's charge properly submitted the defensive matter arising from the evidence in a proper manner, there was no error.

Appeal from the District Court of Camp. Tried below before the Hon. R. W. Simpson.

Appeal from a conviction of embezzlement; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Bass & Smith,* for appellant.—On the question of partnership: McCrary v. State, 51 Texas Crim. Rep., 502; Bradshaw v. Apperson, 36 Texas, 133; Goode v. McCartney, 10 Texas, 193.

On the question of the court's charge on the weight of evidence: Gaines v. State, 32 Texas Crim. Rep., 473.

On the question that partnership property can not be embezzled: Ray v. State, 48 Texas Crim. Rep., 122; Napoleon v. State, 3 Texas Crim. App., 522.

On the question of the insufficiency of the evidence: Taylor v. State, 29 Texas Crim. App., 466; Webb v. State, 8 id., 310; Leonard v. State, 7 id., 417; Huntsman v. State, 12 id., 619.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—Appellant was indicted, tried and convicted of embezzlement, and his punishment assessed at two years confinement in the penitentiary.

1. Appellant insists that he was a partner of the prosecuting witness, Mr. Morris, and that the money converted, if converted, was partnership funds, and that one who appropriates money belonging to a partnership is not guilty of embezzlement, and cites us to many authorities. These we do not deem it necessary to discuss, for it is doubtless true that one who appropriates to his use partnership effects is not guilty of embezzlement under our statute, it providing that any clerk, agent, attorney at law, or in fact, servant or em-

ployee who shall embezzle, fraudulently misapply or convert to his own use, without the consent of his principal or employer, any money or property which may have come into his possession or be under his care by virtue of such office, agency or employment, shall be deemed guilty of embezzlement.  Thus, one who is a partner does not come within that definition, and in addition to that fact one who is a partner generally has the right to use the property, and if he appropriates it to his own individual use he becomes civilly but not criminally liable.  However, the contention that the District Court of Camp County had no jurisdiction, even if appellant was not a partner, can not be sustained.  The money was received by appellant in Camp County, and article 240 of the Code of Criminal Procedure provides that the offense of embezzlement may be prosecuted in the county in which he received the property.

2.  Appellant in his brief earnestly insists that the facts show that the prosecuting witness and appellant were partners.  Mr. Morris testified that he was a farmer, owned a farm, gin and grist mill, and had a little store that he looked after himself.  That appellant came to his home, and they discussed business matters and the little stores about the country.  That they made no trade on this trip, but some weeks after appellant returned to his home, appellant wrote him in regard to the matter, and he wrote him to come and they would talk over the matter.  That he agreed to give appellant twenty percent of the profits to attend to the business, appellant representing to him he was experienced in this line of work, and was an experienced buyer.  That appellant was to return to his home, ship some things down there to be stored, go to Dallas to buy some goods that appellant suggested were needed, and return and take charge of the store. That he gave appellant, at his request, $150 in money with which to purchase the goods.  That appellant never returned, and had never repaid him the money.  Appellant testified about as did Mr. Morris about the first trip, and says after returning home, he wrote Mr. Morris about selling him a hay press; that Mr. Morris wrote him to come, and when he went, that they discussed the business of managing the store.  That he told Mr. Morris that he had no money, and Mr. Morris agreed to furnish the money.  That the trade was, that he was to ship the things he had and they were to become the property of the partnership between him and Mr. Morris; that he was to take charge and manage the store, run a wagon, etc., and the profits were to be equally divided; that he was to go to Dallas and purchase some goods, and return, after shipping the things.  That Mr. Morris gave him the $150 to buy goods in Dallas, and he went home, packed his things ready for shipment, and made a trade with a man to haul them to the depot and ship them.  He took the train for Dallas, and it being night, he went to sleep, and either lost the money or it was stolen from him.  That on the way a man sat in the seat with him, and getting to where two railroads cross, this man

said he was going to Denison.  Appellant said he did not miss the money until he got to Dallas, and remembering the circumstances about the man who sat on the seat with him saying he was going to Denison, he took an interurban car to that point in search of the man.    Upon arriving at Denison he found a man resembling the person who sat on the seat with him, and the actions of the man made him suspicious, and when he learned that this man was going to Durant, Oklahoma, he also went.  He said he never recovered the money.    The things belonging to him which he said were to be shipped and become part of the ·partnership property, were never shipped, and he did not return to the place where he says the partnership store was to be run.

These are the material facts, and while there is other testimony in the record, tending to strengthen or weaken the theories of the State or defendant, we do not deem it necessary to state it here. In the case of Buzard v. Bank, 67 Texas, 83, the Supreme Court reviews at length the decisions as to what it takes to constitute a partnership, and under the law as announced in that opinion, the facts as testified to by Mr. Morris for the State, would not constitute appellant and Morris partners, but he would only be an employee, receiving a part of the profits as compensation for his services.  But do the facts as testified to by appellant raise the issue that he was a partner at the time he received the money?  His contention is that there was a partnership agreement, and that he was to place in the stock certain property, go to Dallas and buy goods, and return and take charge of the store.  The property he was to place in the stock was never shipped, neither did he ever return.  According to his theory and under his evidence, he never did those things he contracted and agreed to do.  In our opinion, if the trade was in terms as contended by appellant, it was but a conditional agreement, and the partnership would not come into existence until he had shipped the property he was to place in the business, and had returned and complied with the other conditions of the agreement.  At the time he received the $150 from Mr. Morris to purchase the goods in Dallas, he knew there were certain things for him to do, certain goods he then claimed to be in his possession to be furnished, and if he failed to do so, the agreement, if made, would be no more binding upon Mr. Morris than upon him, consequently it would not be an executed contract until he had complied with the conditions that he says he was to comply with.  Consequently, even under his statement, he never became a partner with Mr. Morris, and was not his partner at the time the money was delivered to him to buy goods in Dallas. (Napoleon v. State, 3 Texas Crim. App., 524.)

The court charged the jury: "Now, if you shall find from the evidence beyond a reasonable doubt that the defendant and J. W. Morris entered into an agreement by the terms of which the defendant was to run a ·store for Mr. Morris and was to receive for his services in

running the store a sum equal to twenty percent of whatever net profits should be made in the business, then the defendant was the agent and employee of J. W. Morris and not a partner.

"If however you shall find that Morris and defendant entered into an agreement by the terms of which he and Morris were to engage in business, O'Marrow to furnish certain restaurant articles, ice cream freezers, etc., and Morris to furnish the goods he then had on hand and the money necessary to run the business, each to share in the profits of the business, then under such agreement the defendant and prosecuting witness were partners."

It is thus seen in the second paragraph that the court in his charge presented the law more favorable to appellant than we think he was entitled, for there is no evidence that appellant complied with the conditions he himself says he was to comply with. The complaint of the first paragraph copied, that it is upon the weight of the testimony, we do not think well taken. It does not undertake to tell the jury what is the evidence, but tells the jury what is the law in case they find a given state of facts beyond a reasonable doubt. It is always proper for the court to apply the law to the facts, and in this charge he does not seek to give weight to any state of facts as proving or disproving partnership, but in the two paragraphs defines for them the law in the event they find a given state of facts.

3. Appellant complains of the misconduct of the jury, in that one of the jurymen is said to have remarked to another member of the jury, that he was familiar with the road in Hopkins County testified to by defendant, and that it was good and did not get bad. Appellant had testified that the road was bad when he returned after the second trip. As this would not be evidence as to whether he was entrusted with the money as a partner or as agent, it would not present reversible error, not being evidence on any material issue in the case. However, the motion is not sworn to by appellant nor any other person. The county attorney filed a contest of this ground, and as the evidence, if any was heard on this ground of the motion, is not presented to us by bill of exceptions or otherwise, we must presume the court acted correctly in overruling the motion, and in the absence of the evidence we would not be authorized to review this matter on appeal.

4. The court instructed the jury: "If you shall find that defendant and Morris were partners or if you have a reasonable doubt thereof then you will acquit the defendant, although you may find he misapplied and converted the money to his own use and benefit.

"If you shall find that defendant lost the money or that he was robbed of same, or if you have a reasonable doubt thereof, you must acquit, although you may find that he was the agent of Morris.

"The defendant in a criminal case is presumed to be innocent until his guilt is established by legal evidence, beyond a reasonable doubt,

and in case you have a reasonable doubt as to the defendant's guilt you will acquit him, and say by your verdict not guilty."

This presented every phase of defendant's defense, and as the testimony introduced by the State, if true, would support the judgment, it is affirmed.

*Affirmed.*