## W. M. SMITH v. THE STATE.

### No. 4550.    Decided June 27, 1917.

**1.—Passing Forged Instrument—Indictment—Motion in Arrest of Judgment.**

Where, upon trial of knowingly attempting to pass a forged note, the indictment alleged in due form the attempt to pass the instrument, and also in the same count at the conclusion of same alleged that he did so pass said instrument, but not as to whom, there was no error in overruling a motion in arrest of judgment filed after trial.

**2.—Same—Rule Stated—Pleading—One Count.**

Where the indictment for attempting to pass a forged instrument as defined under article 937, Penal Code, also alleged in the same count that defendant did pass same, although the two offenses may be called distinct they were embraced in the same definition, etc., and the completed offense implied the other not yet completed, and there was no repugnancy in the pleading.

**3.—Same—Rule Stated—Pleading—Indictment.**

Where several ways are set forth in the same statute by which an offense may be committed, and all are embraced in the same definition and made punishable in the same manner they are not distinct offenses for purposes of pleading, and they may be charged conjunctively in the same count.

**4.—Same—Rule Stated—Pleading—Indictment.**

When offenses are several in their nature, and yet of such a character that one of them, when complete, necessarily implies the other, there is no such repugnancy as to make their joinder improper. Following Randle v. State, 41 Texas, 292, and other cases. And the completed passing of a forged instrument necessarily implies an attempt to do so.

**5.—Same—Pleading—Surplusage—Rule Stated.**

Redundant allegations and those which are in no manner descriptive of the offense and not essential to constitute the offense may be treated as mere surplusage, and where the indictment alleged an attempt to pass a forged instrument and also defectively alleged the completed passing of same, but omits to allege on whom it was passed, the latter allegation was surplusage.

**6.—Same—Rule Stated—Pleading—Duplicity—Verdict—Arrest of Judgment.**

It is too late after verdict, on a motion to arrest the judgment, where the indictment is merely duplicitous to quash same. Following Hickman v. State, 64 Texas Crim. Rep., 161, and other cases.

**7.—Same—Bill of Exceptions—Filing.**

Where appellant failed to file bills of exception within thirty days after which his motion for new trial was overruled, at a term of the District Court continuing more than eight weeks, the same can not be considered on appeal.

**8.—Same—Sufficiency of the Evidence.**

Where, upon trial of attempting to pass a forged instrument, the evidence was sufficient to sustain the conviction, there was no reversible error.

Appeal from the Criminal District Court of Dallas No. 2. Tried below before the Hon. C. A. Pippen.

Appeal from a conviction of attempting to pass a forged instrument; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*John A. Ballowe* and *A. S. Baskett,* for appellant.—On question of insufficiency of the evidence and charge of court: Nichols v State, 39 Texas Crim. Rep., 80; Lassiter v. State, 49 id., 532.

*E. B. Hendricks,* Assistant Attorney General, for the State.

PRENDERGAST, JUDGE.—This is an appeal from a conviction for knowingly attempting to pass as true a forged note.

The prosecution was under article 937, P. C., which is: "If any person shall knowingly pass as true, or attempt to pass as true, any such forged instrument in writing as is mentioned and defined in the preceding articles of this chapter, he shall be punished by imprisonment in the penitentiary not less than two nor more than five years." The indictment was in three counts. The conviction was under the second, which is as follows: That appellant on December 6, 1916, in Dallas County, Texas, "did wilfully, knowingly and fraudulently attempt to pass as true to one Joe Goldberg a false and forged instrument in writing, which had theretofore been made without lawful au-

thority, and with intent to defraud:" (Here follows a copy of the alleged forged note under an allegation of tenor; it is unnecessary to copy the note. The indictment then proceeds:) "and which said instrument in writing the said W. M. Smith then and there well knowing to be false and forged, he, the said W. M. Smith, did pass the same as true, with intent to injure and defraud," concluding with "against the peace and dignity of the State."

The court submitted to the jury solely the question of an attempt to pass the note upon Goldberg. He did not submit the actual passing of it on anyone. Appellant made no motion to quash this count in the indictment. After the trial, and even after he had filed his motion for a new trial, he for the first time filed a motion in arrest of judgment, claiming that said count of the indictment was vague, indefinite and uncertain, and the allegations repugnant in that said count, in the first part, averred that he did attempt to pass as true the said forged note to Goldberg, and in the concluding part of said count it charged that he did pass it as true.

The court's action in overruling his motion in arrest of judgment was correct and presents no error for several reasons:

1. It will be noted that said article 937 prescribes two separate and distinct ways in which that law may be violated, and therein prescribes the same punishment for each. It does not prescribe two separate and distinct offenses in the sense that they both can not be alleged in one count. It is unquestionably settled in this State that, "where several ways are set forth in the same statute by which an offense may be committed and all are embraced in the same definition and made punishable in the same manner, they are not distinct offenses and they may be charged conjunctively in the same count." This is a quotation from Judge White's Ann. C. C. P., p. 297, where he cites the decisions of this court to that effect. He also lays down exactly the same proposition in section 383, page 286, citing many decisions of this court. To exactly the same effect is the proposition laid down in 2 Vernon's Crim. Stats., page 244, and section 508, 1 Branch's Ann. P. C., in both of which a large number of cases supporting the text are cited. It might be contended that attempting to pass a forged instrument is a distinct offense from actually passing it, but even if that was conceded it would not make the count of the indictment herein invalid, because this court has many times and in many decisions distinctly held as was held in Nichols v. State, 23 Texas Crim. App., 326: "When offenses are several in their nature, and yet of such a character that one of them, when complete, necessarily implies the other, there is no such repugnancy as to make their joinder improper," citing Randle v. State, 41 Texas, 292; State v. Edmundson, 43 Texas, 162. See also in point, Hickman v. State, 64 Texas Crim. Rep., 161; Cabiness v. State, 66 Texas Crim. Rep., 416; Green v. State, 66 Texas Crim. Rep., 452. The completed passing of a forged instrument neces-

sarily implies an attempt to do so, hence on this point the indictment was not fatally defective.

2 There is another principle thoroughly established and applicable herein, and which is as laid down by Judge White, as follows: Redundant allegations and those which are in no manner descriptive of the offense and which are not essential to constitute the offense, and which can be entirely omitted without affecting the charge against the defendant, and are no detriment to the indictment, are treated as mere surplusage, and may be entirely disregarded as part of the indictment. This principle has been announced and applied all the time in this court down to this date. Mr. Branch states the proposition thus: "If not descriptive of that which is legally essential to the validity of the indictment, unnecessary words or allegations may be rejected as surplusage," citing a large number of cases exactly in point. Sec. 497, 1 Branch's Ann. P. C. In the application of this principle attention is again called to the count of the indictment herein. The first part of it is a complete indictment and charge against appellant in that he did attempt to pass as true to Goldberg said false instrument. Then in attempting to charge the completed offense,—that he did pass it,—that part is fatally defective in that it does not charge upon whom appellant did pass the instrument, whether Goldberg or some other person. In other words, it omits to state on whom he passed it. And, therefore, that feature of that count is wholly without effect, and can and should be regarded as surplusage, and in no way affecting that part of the count which charges an attempt to pass the instrument on Goldberg.

3. There is another ground well established applicable herein to this effect, that it is too late after verdict on a motion to arrest the judgment to hold the indictment bad and quash it. This is expressly held in many decisions of this court. We cite some of them only: Coney v. State, 2 Texas Crim. App., 62; Dalton v. State, 4 Texas Crim. App., 333; Tucker v. State, 6 Texas Crim. App., 251; Rumage v. State, 55 S. W. Rep., 64; Hickman v. State, 64 Texas Crim. Rep., 161; Cabiness v. State, 66 Texas Crim. Rep., 416; Green v. State, 66 Texas Crim. Rep., 452. This court in the Tucker case, supra, quoting from 1 Bishop Cr. Proc., sec. 443, holds:

"Duplicity in an indictment is the joinder of two or more distinct offenses in one count. 1 Bishop's Cr. Proc., 432. The same learned author says: 'In the matter of principle, it would seem to be a defect of such mere form as aught to be deemed cured by the verdict, because the objection is one which relates simply to the convenience of the defendant in making his defense, while by not taking the objection he seems to have suffered no inconvenience, and, therefore, to have waived it.' Id., sec. 443.

"Mr. Archbold, in writing of the English practice, lays down the same rule. 1 Arch. Cr. Pl. & Ev. (13th London ed.), 54.

"Mr. Wharton says: 'Duplicity in criminal cases may be objected

to by special demurrer, perhaps by general demurrer, or the court in general, upon application, will quash the indictment; but it is extremely doubtful if it can be made the subject of a motion in arrest of judgment, or of a writ of error, and it is cured by a verdict of guilty as to one of the offenses, and not guilty as to the other.' 1 Whart. Cr. Law, sec. 395."

The term of court at which this trial occurred, both by law and as a matter of fact, continued more than eight weeks. The court granted appellant thirty days additional time from the thirty days allowed by the statute for filing bills of exception from the time he overruled his motion for new trial. Appellant filed no bills within that period, but after the time expired did file some. They were too late. The State's motion must, therefore, be granted to strike them out and not consider them.

The evidence was sufficient to sustain the conviction, and both the jury and the trial judge so found and held.

The judgment is affirmed.

*Affirmed.*