# JANUARY 1920.

A. Victor v. The State.

No. 5583.   Decided January 14, 1920.

**1.—Aggravated Assault—Validity of Law—Companion Case.**

Where, upon a conviction of aggravated assault, defendant, in his motion
in arrest of judgment called in question the legislative Act creating the
County Court at law number 2 of Jefferson County, Texas, this matter is not
discussed, but appellant is referred for a partial expression of the court's
views to the case of Ex parte Bennett, 85 Texas Crim. Rep., 315, 211 S. W.
Rep., 934, with the observation that the name given "such other court" does
not make any difference.

**2.—Same—Motion in Arrest of Judgment—Statutes Construed.**

Under articles 575 and 849, Vernon's C. C. P., with reference to exceptions
to the substance of an indictment or information, it appears that a motion
in arrest of judgment shall not be granted except as set out in said statute,
and there being nothing in the State's pleading at which appellant's motion
in arrest of judgment is directed or which is subject to any attack by such
motion the same was properly overruled, and there was no reversible error.

Appeal from the County Court of Jefferson County at Law No.
2.   Tried below before the Hon. A. M. Rutan, judge.

Appeal from a conviction of aggravated assault; penalty, a fine
of fifty dollars.

The opinion states the case.

*H. B. Tucker, Watts & Howth,* for appellant.

*Alvin M. Owsley,* Assistant Attorney General, for the State.

LATTIMORE, Judge.—Appellant was convicted of the offense
of aggravated assault, in the County Court at Law No. 2 of Jeffer-
son County, and his punishment fixed at a fine of $50.

This conviction was upon a plea of guilty and a voluntary sub-
mission to the jurisdiction of the court *a quo* of himself and his
cause.

Appellant made no motion for a new trial, but presented a
lengthy motion in arrest of judgment, calling in question the Act
of the Legislature creating said court.

In view of our disposition of this case, we do not discuss the
matters contained in said motion, but refer appellant for a par-
tial expression of our views, to the case of Ex parte Bennett, 85
Texas Crim. Rep., 315, 211 S. W. Rep., 934; and make the further

observation that we do not think the name given "such other court" by the Legislature, makes any difference.

Article 849 of Vernon's C. C. P., is as follows: "A motion in arrest of judgment shall be granted upon any ground which would be good upon exception to an indictment or information for any substantial defect therein."

Referring to Article 575, Vernon's C. C. P., we find the same to read as follows: "There is no exception to the substance of an indictment or information, except—

1. That it does not appear from the face of the same that an offense against the law was committed by the defendant.

2. That it appears from the indictment or information that a prosecution for the offense is barred by a lapse of time, or that the offense was committed after the finding of the indictment.

3. That it contains matter which is a legal defense or bar to the prosecution.

4. That the indictment or information shows, upon its face, that the court trying the case had no jurisdiction thereof."

There being nothing in the State's pleading herein, at which appellant's motion in arrest of judgment is directed, or which is subject to any attack by motion in arrest of judgment such as is permissible under the terms of Article 575, the trial court properly overruled said motion.

No error appearing in the action of the trial court, or in the record, the judgment is affirmed.

*Affirmed.*