E. G. CONE v. THE STATE.

No. 6561.   Decided January 11, 1921.

1.—Constitutional Amendment—Repeal—Local Option—Prior Offenses.

The amendment of Section 20, Article 16 of the Constitution has the effect of repealing the local option liquor law, with a saving clause for prior offenses, effective July, 1919. The Dean state-wide prohibition law passed thereunder, became effective October 21, 1919, with a saving clause, and offenses committed after the Constitutional amendment became effective may be prosecuted under the said Dean Act.

2.—Sale of Intoxicating Liquor—Date of Offense—Constitutional Law—Statutes Construed—Saving Clause—Local Option.

If the date of the offense was that charged and shown by the testimony in the present record, the prosecution should have been under the provisions of the so-called Dean Act, effective October 21, 1919, and there being a saving clause therein, a judgment of conviction under the local option law, as it formerly stood is reversed and the cause is remanded.

Appeal from the District Court of Rockwall.  Tried below before the Honorable Joel R. Bond.

Appeal from a conviction under the local option law for the unlawful sale of intoxicating liquor; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*T. B. Ridgell,* and *Florence, Florence & McClelland,* for appellant. —Cited: McInturf v. State, 20 Texas Crim. App., 235; Colloway v. State, 7 id., 585.

*R. G. Storey,* Assistant Attorney General, for the State.

MORROW, PRESIDING JUDGE.—The conviction is for the unlawful sale of intoxicating liquor.

The indictment filed on the 14th day of October, 1919, charges appellant with the sale of intoxicating liquor in Rockwall County, where such sale was prohibited by a vote of the people.

The statute under which the prosecution is had is Article 597, Vernon's Texas Crim. Statutes, Vol. 1, p. 306. It was enacted to punish violations of the Local Option Prohibition Law, Article 16, Sec. 20, of the Constitution of the State. Under that provision of the Constitution, it was optional with certain subdivisions of the State to prohibit the sale of intoxicating liquors and laws were passed governing the exercise of this option by election. See Revised Statutes, 1911, Title 88.

On the facts it is shown that by virtue of an election held under that title, the sale of intoxicants was prohibited in Rockwall County. On July 23, 1919, an amendment to Section 20, Article 16 of the Con-

stitution, which amendment had been previously adopted by a vote of the people of the State, became effective. As amended, the local option privilege was eliminated and the sale of intoxicating liquors was prohibited throughout the State under a penalty fixed in the Constitution, of confinement in the penitentiary for not less than one nor more than five years. This amendment contained a saving clause in the following words:

"Liability for violating any liquor laws in force at the time of the adoption of this amendment shall not be affected by this amendment, and all remedies, civil and criminal, for such violations shall be preserved." (General Laws, Thirty-sixth Leg., p. 338, subdivision (c).)

The date of the offense, as laid and proved, was in September, 1919. At that time the prohibition of the sale of intoxicating liquors in the State and in Rockwall County was not in consequence of the adoption of the so-called Local Option Prohibition Law, but was by virtue of the amended Section 20, Article 16 of the Constitution.

It is obvious that Article 597 of the Local Option Prohibition Law was repealed by the adoption of the amendment to the Constitution that became effective in July, 1919. It is therefore made clear that the indictment and conviction of the appellant was not under a law existing at the time of the commission of the offense or the filing of the indictment, but was referable directly to a law which had been previously repealed. By statute, it is declared, in substance, that a prosecution cannot be maintained under a repealed statute unless in such statute there is contained a saving clause covering the particular act. (See Article 16 of the Penal Code.)

The reservation contained in the amended Section 20, Article 16 of the Constitution quoted above embraces offenses committed prior to the adoption of the amendment but not those occurring at a subsequent date. In the interim between the adoption of the amendment to the Constitution mentioned and the passage of the so-called "Dean State-Wide Prohibition Law," which became effective on the 21st day of October, 1919, the sale of intoxicating liquors throughout the State was prohibited, and the punishment fixed by Section 20, Article 16 of the Constitution. If the date of the offense was that charged and shown by the testimony in the present record, the prosecution should be under that provision. The Dean Law contains a saving clause which would operate to preserve the rights of the State in the instant case. See Acts of the Thirty-sixth Legislature, Second Called Session, Chap. 78, Sec. 41; also, Cone v. State, 90 Texas Crim. Rep., 489, No. 6562, recently decided.

For the reason stated, the judgment of conviction is reversed and remanded.

*Reversed and remanded.*