P. J. MELLEY v. THE STATE.

No. 7185. Decided November 8, 1922.

Rehearing Denied February 28, 1923.

**1.—Manufacturing Intoxicating Liquor—Indictment—Duplicity of Pleading.**

One accused of an offense may protect himself against the disadvantage of a trial under a duplicitous indictment by motion to quash, or he may demand an election by the prosecution; but failing to avail himself of one of these privileges, he can not defeat the indictment after verdict or avail himself of this defect. In the absence of a motion to quash a complaint that the indictment was duplicitous comes too late.

**2.—Same—Rehearing—Duplicitous Indictment.**

Duplicity is not a fundamental error in the indictment, and does not render it void but voidable only, and the motion for rehearing is therefore overruled. Overruling Woods v. State, 84 S. W. Rep., 1058.

**3.—Same—Sufficiency of the Evidence.**

Where, upon trial of unlawfully manufacturing intoxicating liquor, the evidence sustained the conviction, there is no reversible error.

**4.—Same—Suspended Sentence—Age of Defendant.**

Where, upon trial of unlawfully manufacturing intoxicating liquor, there was no testimony indicating that defendant was under twenty-five years of age, there was no error in not submitting his plea of suspended sentence to the jury.

Appeal from the District Court of Limestone. Tried below before the Honorable A. M. Blackmon.

Appeal from a conviction of unlawfully manufacturing intoxicating liquor; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*T. L. Price, Wm. Kennedy* and *F. P. Bowman,* for appellant. On question of duplicitous pleading, Yates v. State, 209 S. W. Rep., 407; Woodward v. State, 218 id., 760; Phillips v. State, 231 id., 400.

*R. G. Storey,* Assistant Attorney General, for the State.

MORROW, PRESIDING JUDGE.—Conviction is for the unlawful manufacture of inotxicating liquor; punishment fixed at confinement in the penitentiary for a period of one year.

The indictment was duplicitous. It charged the unlawful manufacture of intoxicating liquors and the unlawful possession of such liquors for the purpose of sale in the same count. (See Todd v. State, 89 Texas Crim. Rep., 99, 229 S. W. Rep., 516.)

In submitting the case to the jury the court eliminated one of the offenses. In the motion for arrest of judgment, the appellant assails the verdict upon the ground that the indictment, being duplicitous, was defective in substance. The statute, Art. 849 and 850, Code of Crim. Proc., declare that "a motion in arrest of judgment shall be granted upon any ground which would be good upon exception to an indictment or information for any substantial defect therein, but no judgment shall be arrested for want of form."

Article 575, Code of Crim. Proc., reads thus:

"There is no exception to the substance of an indictment or information, except—

1. That it does not appear from the face of the same that an offense against the law was committed by the defendant.

2. That it appears from the indictment or information that a prosecution for the offense is barred by a lapse of time, or that the offense was committed after the finding of the indictment.

3. That it contains matter which is a legal defense or bar to the prosecution.

4. That the indictment or information shows, upon its face, that the court trying the case had no jurisdiction thereof."

It will be noted that duplicity is not named in the statute as one of the matters of substance. There is lack of harmony among the authorities touching the applicability of this statute to duplicitous indictments. In Rumage v. State, 55 S. W. Rep., 64, the right to raise the question of duplicity for the first time upon a motion in arrest of judgment was denied, citing Coney v. State, 2 Texas Crim. App., 62; Nicholas v. State, 23 Texas Crim. App., 317. These cases are supported also by Dalton v. State, 4 Texas Crim. App., 335; Busby v. State, 51 Texas Crim. Rep., 297; Smith v. State, 81 Texas Crim. Rep., 534; Hickman v. State, 64 Texas Crim. Rep., 161; Cabiness v. State, 66 Texas Crim. Rep., 416; Green v. State, 66 Texas Crim. Rep., 452.

One accused of an offense may protect himself against the disadvantage of a trial under a duplicitous indictment by a motion to quash

or exception to the indictment, or he may demand an election by the prosecution, but failing to avail himself of one of these privileges, he cannot, according to the weight of authority, avail himself of this defect in the indictment after verdict. Mr. Bishop, on the subject, says this:

". . . if the defendant did not object before, it has been demonstrated that the duplicity did him no harm; and by being silent when, if ever, he must have felt the hurt, he has waived all right to complain. Such is the doctrine both of reason and of the better and more numerous, yet divided authorities." (Bishop's New Crim. Proc., Vol. 1, Sec. 443, subdivision 3.)

In Ferguson v. State, 80 Texas Crim. Rep., 383, a departure from this rule was made upon the authority of Weathersby v. State, 1 Texas Crim. App., 646; Hickman v. State, 22 Texas Crim. App., 441; Scales v. State, 46 Texas Crim. Rep., 301; Wood v. State, 47 Texas Crim. Rep., 543. Weathersby's case was affirmed upon the authority of Art. 3143, Paschal's Ann. Digest of Laws of Texas, Vol. 1, which article is in the same terms as Art. 489 of the Code of Crim. Proc., which has been quoted above.

The court noted, however, that no motion to quash was made and refused to sustain the complaint of the duplicity upon motion in arrest of judgment. In Hickman's case (22 Texas Crim. App., 441) the indictment was held not to come within the general rule covering duplicitous indictments, but to be so deficient that it could not support the verdict. The opinion says:

"We are not, however, to be understood as holding that any character of verdict could cure the defect in the bill of indictment in this case. It has that effect in some cases of duplicity, but not in cases of this character."

In Scales' case (46 Texas Crim. Rep., 301), a motion to quash the indictment was made *in limine.* The case of Wood v. State, (47 Texas Crim. Rep., 543) is the only one cited in Ferguson's case, supra, which supports that decision. The matter is disposed of in the Wood's case with the statement that two offenses were charged in the same count. "Where it is done, the indictment becomes duplicitous, and therefore defective," citing Pisano v. State, 34 Texas Crim. Rep., 63; Heineman v. State, 22 Texas Crim. App., 44. No point seems to have been made concerning the manner in which the question was raised. The cases referred to in Wood's case sustain the contention that the indictment was defective, but not that the fault was available on motion in arrest of judgment. Pisano's case was affirmed in a short opinion by Judge Davidson, in which he says:

"In order to constitute duplicity, two or more distinct felonies must be averred in the same count. In this indictment distinct offenses are apparently set out in different counts. This is the proper practice."

In Heineman's case, the opinion uses this language:

"We are of the opinion that the indictment is duplicitous, and that it was error to overrule the defendant's exceptions to it."

It appears from reading the opinion that it was not a case of motion in arrest of judgment but that the procedure pointed out by statute, (Art. 575 and 849) was followed.

From what has been said, it is obvious that in the case of Ferguson v. State, supra, there was some misunderstanding of the authorities upon which the decision was made to rest. This is made manifest by the quotation which we take from Smith v. State, 81 Texas Crim. Rep., 537, which is from the pen of the same judge that prepared the opinion in the Ferguson case, supra. We quote thus:

"There is another ground well established applicable herein to this effect, that it is too late after verdict on a motion to arrest the judgment to hold the indictment bad and quash it. This is expressly held in many decisions of this court. We cited some of them only: Coney v. State, 2 Texas Crim. App., 62; Dalton v. State, 4 Texas Crim. App., 333; Tucker v. State, 6 Texas Crim. App., 251; Rumage v. State, 55 S. W. Rep., 64; Hickman v. State, 64 Texas Crim. Rep., 161; Cabiness v. State, 66 Texas Crim. Rep., 416; Green v. State, 66 Texas Crim. Rep., 452. This court, in the Tucker case, supra, quoting from 1 Bishop Crim. Proc., sec. 443, holds:

'Duplicity in an indictment is the joinder of two or more distinct offenses in one count.' 1 Bishop's Cr. Proc., 432. The same learned author says: 'In the matter of principle, it would seem to be a defect of such mere form as aught to be deemed cured by the verdict, because the objection is one which relates simply to the convenience of the defendant in making his defense, while by not taking the objection he seems to have suffered no inconveniences, and, therefore, to have waived it.' Id., sec. 443.

'Mr. Archbold, in writing of the English practice, lays down the same rule.' 1 Arch. Cr. Pl. & Ev. (13th London Ed.), 54.

Mr. Wharton says: 'Duplicity in criminal cases may be objected to by special demurrer, perhaps by general demurrer, or the court in general, upon application, will quash the indictment; but it is extemely doubtful if it can be made the subject of a motion in arrest of judgment, or of a writ of error, and it is cured by a verdict of guilty as to one of the offenses, and not guilty as to the other.' 1 Whart. Cr. Law, sec. 395."

A like view was taken of the statutes in question, Art. 849 and 575, Code of Crim. Proc.; in the case of Victor v. State, 86 Texas Crim. Rep., 462, 217 S. W. Rep., 698; also in Gilmore's case, 88 Texas Crim. Rep., 525, 236 S. W. Rep., 485. In the instant case, there was no motion to quash. But one offense was submitted to the jury, and after the verdict, responding to that count, the complaint that the indictment was duplicitous comes too late.

Other questions raised have been examined but, in the opinion of

the court, reveal no error and are not of a nature to require discussion. The judgment is affirmed.

*Affirmed.*

ON REHEARING

February 28, 1923.

LATTIMORE, JUDGE.—Appellant earnestly urges a rehearing. His principal insistence is that the indictment being unquestionably duplicitous, his motion in arrest of judgment for said reason, should have been granted. A practically unbroken line of authorities in this State holds that it is not a fundamental defect to charge more than one separate and distinct offense in the same count in an indictment or information, that it can be waived, and unless raised by motion to quash or in limine, it cannot thereafter be relied upon. There is as much legal objection to duplicity based on charging two separate offenses in one count, as there is in charging a larger number. The number of such offenses so charged adds nothing to the proposition either way. Appellant cites as authority a number of recent decisions of this court in which we have directed reversals and dismissals of indictments for duplicity, reasoning therefrom that such indictments must have been held void, and further concluding that if void an indictment can be attacked at any time. The cases cited will be found in each instance to reflect a motion to quash in limine, which should have been sustained. Duplicity is not a fundamental error in the indictment and does not render it void but voidable. We are cited to no well considered authority and know of none holding to the contrary. The case of Woods v. State, 84 S. W. Rep., 1058, which is cited by appellant, without analysis or discussion, and upon the authority of Pisano v. State, 34 Texas Crim. Rep., 63, and Heineman v. State, 22 Texas Crim. App., 44, holds that a motion in arrest of judgment aimed at duplicity in an indictment should be sustained. Neither authority cited therein supports the proposition. In Pisano's case it was held that there was no duplicity, and in Heineman's case a motion to quash was presented in limine. Insofar as the Woods case, supra, is contrary to the present holding it is overruled.

We cannot agree with appellant that error appears in not trying him under the law as it existed prior to November 15, 1921, when the amendment to the Dean Law went into effect. The officers who raided his house in December, 1921, testified to finding large quantities of liquor and a still and mash. The paraphernalia was warm and some of the liquor was warm, and was dripping from the worm of the still into a container. The fact that a witness did testify that appellant and his wife began to make liquor in September, 1921, in no way militates against the conclusiveness or the sufficiency of the evidence in this record to sustain the conviction for the manufacture of liquor in December, 1921, that being the date alleged and the date submitted in the charge of the court.

Appellant also raised the question of error in not submitting to the jury the issue of suspended sentence. He filed an application for suspended sentence in which he did not allege that his age was under twenty-five. He and his wife both testified they had been married seven years. There was no testimony indicating that appellant was under twenty-five years of age. The issue was not submitted by the trial court. No special charge was asked and no exception taken to the charge for its failure to submit said issue. No error appears.

Being unable to agree with the contentions raised by appellant in his motion, same will be overruled.

*Overruled.*