John A. POLLARD, Appellant,

v.

The STATE of Texas, Appellee.

No. 57945.

Court of Criminal Appeals of Texas, Panel No. 1.

June 14, 1978.

James H. Kreimeyer, Belton, for appellant.

Arthur C. Eads, Dist. Atty., and James T. Russell, Asst. Dist. Atty., Belton, for the State.

Before DOUGLAS, PHILLIPS, and W. C. DAVIS, JJ.

## OPINION

PHILLIPS, Judge.

This is an appeal from a conviction of aggravated kidnapping on a plea of guilty before the jury. Punishment was assessed at 50 years.

Appellant's single ground of error is that the indictment is fundamentally defective for failing to allege the specific manner in which the abduction was effected. No motion to quash was filed or presented to the trial court for consideration. The indictment alleges, in pertinent part:

"... that JOHN A. POLLARD ..., on or about the 6th day of July A.D. 1975, ... did then and there intentionally and knowingly abduct another person, Diane R. Smith, with the intent to violate and abuse Diane R. Smith sexually ...."

V.T.C.A., Penal Code, Section 20.04, Aggravated Kidnapping, provides as follows:

"(a) A person commits an offense if he intentionally or knowingly abducts another person with the intent to:

\* \* \* \* \* \*

(4) inflict bodily injury on him or violate or abuse him sexually; . . ."

V.T.C.A., Penal Code, Section 20.01(2) defining "abduct" reads as follows:

"(2) 'Abduct' means to restrain a person with intent to prevent his liberation by:

(A) secreting or holding him in a place where he is not likely to be found; or

(B) using or threatening to use deadly force."

As we understand appellant's contention, his complaint is one of insufficient notice to apprise him "of which means the State is relying upon as a basis for the abduction." With respect to appellant's contention, Article 21.02, V.A.C.C.P., sets forth the minimum requirements for sufficient indictments in this State. The provision relevant to the issue raised by appellant is Subsection 7 which requires that "[T]he offense must be set forth in plain and intelligible words." Article 21.11, V.A.C.C.P., provides as follows:

"An indictment shall be deemed sufficient which charges the commission of the offense in ordinary and concise language in such a manner as to enable a person of common understanding to know what is meant, and with that degree of certainty that will give the. defendant notice of the particular offense with which he is charged, and enable the court, on conviction, to pronounce the proper judgment; and in no case are the words 'force and arms' or 'contrary to the form of the statute' necessary."

Article 21.17, V.A.C.C.P., provides as follows:

"Words used in a statute to define an offense need not be strictly pursued in the indictment; it is sufficient to use other words conveying the same meaning, or which include the sense of the statutory words."

Appellant's ground of error is one which "relates simply to the convenience of the defendant in making his defense" (*Melley v. State*, 93 Tex.Cr.R. 522, 248 S.W. 367, cited in *American Plant Food Corporation v. State*, Tex.Cr.App., 508 S.W.2d 598 at 604) and "if he goes to trial without raising any such objection, he may not urge them for the first time thereafter, since it must be presumed he has found the charge sufficient to his own satisfaction. . . . Only if the defect be of such a degree as to charge no offense against the law, and thereby be void, will the exception to the substance be considered for the first time on appeal . . . ." *Id.* We have repeatedly stated that indictments which allege an offense in the terms of the applicable penal statute are sufficient. See *Rowl v. State*, Tex.Cr.App., 547 S.W.2d 612; *Baldwin v. State*, Tex.Cr.App., 538 S.W.2d 109. There is additional support in the express provisions of Article 21.17, V.A.C.C.P., which, by permitting a *variation* in the language used to charge the offense (provided that language has the same meaning or sense as the statutory language), underscores the appropriateness of utilizing the statutory language alone. The indictment before us does reflect an allegation "that an offense against the law was committed by [the appellant]; . . . ." Article 27.-08(1), V.A.C.C.P.

Appellant's purported contention that he lacked sufficient notice of the charges against him is further demonstrated to lack merit in light of the record which reflects that appellant was previously tried on this same charge before a jury. This historical fact demonstrates that appellant knew what the evidence would show in his prosecution and, therefore, the theory by which the State would contend that appellant *abducted* the victim. See *Pollard v. State*, Tex.Cr.App., 552 S.W.2d 475.

Finally, the clear import of our decision in *Carpenter v. State*, Tex.Cr.App., 551 S.W.2d 724, is that an indictment for aggra-

vated kidnapping is sufficient if it either (1) alleges that the defendant "abducted" the victim or (2) it sets forth in lieu of the word "abduct" the statutory definition given to it by V.T.C.A., Penal Code, Section 20.01(2)(A) or (B).

We therefore hold that the instant indictment, absent a motion to quash, is not fundamentally defective.

The judgment is affirmed.