Clenell SANDERS, Appellant,

v.

The STATE of Texas, Appellee.

No. 62776

Court of Criminal Appeals of Texas, Panel No. 2.

Oct. 8, 1980.

Rehearing Denied Dec. 10, 1980.

E. Stanley Topek, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., James C. Brough and Frank Harmon, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

Before DOUGLAS, ODOM and DALLY, JJ.

## OPINION

DALLY, Judge.

This is an appeal from a conviction for aggravated kidnapping. The punishment is imprisonment for twenty years.

The appellant contends that: the evidence is insufficient to sustain his conviction; the indictment is fundamentally defective; the court's charge to the jury contains fundamental error.

The indictment alleges, in pertinent part, that appellant

"on or about January 21, 1978, did then and there unlawfully, intentionally, and knowingly abduct PAUL DOUGLAS DAVENPORT, JR., hereafter styled the complainant, with the intent to violate and abuse the complainant sexually."

V.T.C.A. Penal Code, Sec. 20.04, Aggravated Kidnapping, provides as follows:

"(a) A person commits an offense if he intentionally or knowingly abducts another person with the intent to:

"(1) . . .

"(2) . . .

"(3) . . .

"(4) inflict bodily injury on him or violate or abuse him sexually."

V.T.C.A. Penal Code, Sec. 20.01(2) defines "abduct" as follows:

"(a) 'Abduct' means to restrain a person with intent to prevent his liberation by:

"(A) secreting or holding him in a place where he is not likely to be found; or

"(B) using or threatening to use deadly force."

The appellant asserts that there is insufficient evidence to show: he intentionally or knowingly abducted the victim; he had the intent to violate or abuse the victim sexually; the victim was Paul Douglas Davenport, Jr., as alleged.

Paul Davenport, Sr., testified that on January 21, 1978, at around one o'clock in the afternoon, he parked his car at the curb in front of his house and stepped inside for a few minutes to get some things. He left his three–year–old son in the front seat of the car, with the engine running. When he came out of the house the car and the child were gone. After a brief, fruitless search of the block for the missing car and boy, Davenport reported the crime to the police. Within about an hour Davenport was called to the police station where he recovered his child and car.

Officer Thomas Civitello of the Houston Police Department testified that he and his partner, Officer Ted Bloyd, were on patrol on January 21, 1978, when they saw a slowly–traveling car that matched a report for automobile theft and kidnapping. After confirming the license number by radio, they stopped behind the car, which was stopped at a red light. Officer Civitello approached the stopped car, which was driven by the appellant, on the driver's side and Officer Bloyd on the passenger's side. The

appellant was sitting behind the wheel, with his left hand on the steering wheel, and his right hand behind the child's neck, forcing the child's face into appellant's lap, approximately three inches from appellant's exposed penis. When the appellant saw the officers he "hit the gas to the floor." Officer Bloyd, who managed to cling to the moving vehicle, told appellant he would kill him if appellant did not stop. The appellant then stopped the car, was placed under arrest, and he and the child were taken to the police station.

Appellant testified in his own defense, claiming that he was acting under duress of another person who had left the car and entered a Church's fried chicken place only moments before the police arrived. The jury rejected this defense.

■ The evidence is sufficient to show that appellant abducted his victim. The term "abduct" means to restrain a person with intent to prevent his liberation by secreting or holding him in a place where he is not likely to be found. V.T.C.A. Penal Code, Sec. 20.01(2)(A). This definition does not require that the victim be held for any certain length of time. In this case there is ample evidence to show that for approximately one hour the appellant intentionally and knowingly restrained the victim with the intent to prevent his liberation by secreting and holding him in a place where he was not likely to be found. The victim was in fact held in a place–an automobile being driven on city streets–where he was not found for approximately one hour.

Furthermore, the testimony of the arresting officers is sufficient to prove the aggravation element of the aggravated kidnapping. That is, that the appellant had the intent to sexually violate and abuse the three–year–old victim whom he had abducted. V.T.C.A. Penal Code, Sec. 20.04(a)(4). One of the arresting officers testified that when he first approached the automobile he could not see the three–year–old victim, but when the officer reached the automobile he observed that: "The [appellant] was sitting with his left hand on the steering wheel and he had the child–his hand behind his head in

this position (indicating) forced down onto his lap." The officer also observed that the appellant ". . . had his fly open and that his penis was out." The child's face was ". . . one or two inches, maybe three inches" from the appellant's penis.

There is sufficient evidence to show the victim was, as is alleged, Paul Douglas Davenport, Jr. Paul Davenport, Jr.'s father testified that he left Paul Junior in the automobile. The appellant was arrested while driving this automobile, and the child there being held by the appellant was taken to the police station. Davenport, Sr., notified of the discovery of his son, came to the police station to get him. Officer Civitello identified the child the appellant was found with as the same child he had seen around the courtroom during the trial.

The appellant next argues, for the first time on appeal, that the indictment was insufficient to notify him of the charges against him because it fails to allege the means used to effect the alleged abduction. This Court has recently rejected a similar contention. In *Pollard v. State*, 567 S.W.2d 11 (Tex.Cr.App.1978) we held that an indictment for aggravated kidnapping which alleged the defendant "abducted" his victim but did not allege the method of abduction was not fundamentally defective.

Although in *Pollard* we noted that the defendant's argument of insufficient notice was weakened by the fact that he had been previously tried on the same charge, this fact was not, contrary to appellant's assertion, essential to our holding. Rather, the clear import of our decisions in *Pollard v. State*, supra, and in *Carpenter v. State*, 551 S.W.2d 724 (Tex.Cr.App.1977), upon which *Pollard* relies,

> "is that an indictment for aggravated kidnapping is sufficient if it either (1) alleges that the defendant 'abducted' the victim or (2) it sets forth in lieu of the word 'abduct' the statutory definition given to it by V.T.C.A., Penal Code, Section 20.01(2)(A) or (B)."

567 S.W.2d 12, at 13.

■ In accordance with the decisions in *Pollard v. State*, supra, and *Carpenter v.*

*State,* supra, we hold that the indictment in the present case, which tracks the language of the applicable penal statute, is legally sufficient to allege the offense of aggravated kidnapping.

 Finally, the appellant says that the trial court erred in failing to charge the jury on the definition of "sexual abuse" since the indictment alleged appellant had abducted his victim "with the intent to violate and abuse the complainant sexually." A similar argument was advanced by the defendant and overruled by this Court in *Phillips v. State,* 597 S.W.2d 929 (Tex.Cr. App.1980). Contrary to appellant's contention, "violate and abuse sexually," as used in Sec. 20.04(a)(4), supra, is not defined by statute. As we noted in *Phillips,* the question is therefore whether the term has such a common and ordinary meaning that the jurors can be fairly presumed to know and apply such meaning. We concluded in *Phillips* that the trial court did not commit reversible error by refusing, over objection, to define the term in its charge on aggravated kidnapping. We adhere to that decision, and conclude that the trial court did not fundamentally err by not defining the term in the present case.

We have reviewed the contentions advanced by appellant in his pro se brief, and find them also to be without merit.

The judgment is affirmed.

ODOM, Judge, dissenting.

I dissent to the majority holding that the evidence in this case is sufficient to prove appellant *abducted* the victim.

V.T.C.A., Penal Code, Sec. 20.01(2), defines "abduct":

" 'Abduct' means to restrain a person with intent to prevent his liberation by:

"(A) secreting or holding him in a place where he is not likely to be found; or

"(B) using or threatening to use deadly force."

The majority holds the evidence sufficient under Sec. 20.01(2)(A), supra. The majority relies on one fact to support its conclusion: "The victim was in fact held in a place—an automobile being driven on city streets—where he was not found for approximately one hour."

I am unable to agree that this evidence is sufficient. The fact remains that the child was found within a relatively brief period of time, the car was stolen from the victim's father and identified to the police, and it was being driven on public streets. It stretches reason to say that spending an hour riding on public streets in a known car constitutes being held in a place where one is not likely to be found. The fact that the child was not found for approximately one hour will not support an inference that the child was not likely to be found. In truth, the facts support the opposite.

I dissent.