IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 




NO. 3-92-302-CR


AND


NO. 3-92-303-CR




RONNIE LINCOLN,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 



FROM THE DISTRICT COURT OF BASTROP COUNTY, 21ST JUDICIAL DISTRICT



NOS. 7461 & 7511, HONORABLE JOHN L. PLACKE, JUDGE PRESIDING


 





PER CURIAM

 A jury found appellant guilty of kidnapping and sexual assault. Tex. Penal Code
Ann. §§ 20.03 (West 1989), 22.011 (West Supp. 1993). (1) The jury assessed punishment at
imprisonment for fifteen years and one day for the sexual assault, and at imprisonment for ten
years for the kidnapping.

 On the afternoon in question, appellant forced the automobile in which the
complainant was a passenger to stop on Highway 304 in Bastrop County. Appellant pulled the
complainant from her car and pushed her over to his vehicle. Although the complainant initially
resisted, she got in appellant's car when her three-year-old daughter, who was already in the car,
began to cry. (2) Appellant drove several miles north on Highway 304, then turned onto Hills
Prairie Road. After travelling another two miles, appellant turned onto a dirt road, crossed the
railroad tracks, turned left onto a gravel road, and stopped. Appellant pulled the complainant
from his car, removed her pants and underwear, and sexually assaulted her as she stood against
the back of the vehicle. When the assault was completed, appellant drove the complainant and
the child home.

 In his first point of error, appellant contends the district court erred by overruling
his motion to quash the sexual assault indictment. The indictment alleged that appellant
"intentionally and knowingly, by threats, force and violence directed toward [the complainant],
cause[d] the penetration of the female sexual organ of [the complainant] . . . by [appellant's]
penis, without the consent of [the complainant]." (3) Appellant argues that his motion to quash
should have been granted because the indictment did not allege that the complainant believed that
appellant had the present ability to execute the threat. 

 The district court did not err by overruling the motion to quash. The Court of
Criminal Appeals has held that an allegation that the sexual assault was accomplished by means
of "force" and "threats" is sufficient to give the accused notice that the State will prove lack of
consent under subsections (b)(1) and (b)(2), and that an indictment is not subject to a motion to
quash for failing to allege additional facts and circumstances that made the act nonconsentual. 
Brem v. State, 571 S.W.2d 314, 317 (Tex. Crim. App. 1978). Further, it is obvious from the
record that appellant knew that the State intended to rely on subsection (b)(2), and appellant made
no effort to demonstrate that his ability to prepare a defense was adversely affected by the
omission of which he complained. Adams v. State, 707 S.W.2d 900 (Tex. Crim. App. 1986). 
Point of error one is overruled.

 In his second and third points of error, appellant challenges the legal sufficiency
of the evidence with regard to the kidnapping conviction. See Jackson v. Virginia, 443 U.S. 307
(1979); Griffin v. State, 614 S.W.2d 155 (Tex. Crim. App. 1981). The kidnapping indictment
alleged that appellant "intentionally abduct[ed] [the complainant], without her consent, with intent
to prevent her liberation, by secreting and holding her in a place where she was not likely to be
found, namely a rural road known to some as Hills Prairie Road." In point of error two, appellant
urges that the evidence does not support the conviction because there is a variance between the
pleading and the proof. Specifically, appellant asserts that the State failed to prove that the place
where the complainant was held was Hills Prairie Road. In point of error three, appellant
contends the State failed to prove that the complainant was held in a place where she was not
likely to be found. Appellant bases this contention on the complainant's testimony that houses
were visible from the spot where the assault took place, and on evidence that the gravel road was
near railroad tracks and open to the general public.

 It is true that appellant did not stop his car on Hills Prairie Road or sexually assault
the complainant there. It does not follow, however, that there is a fatal variance between the
indictment and the evidence, or that the evidence is otherwise legally insufficient to sustain the
kidnapping conviction. The abduction of the complainant began on Highway 304, when she was
forced into appellant's car against her will. It did not end until appellant released the complainant
at her house. Viewing all the evidence in the light most favorable to the verdict, a rational jury
could find beyond a reasonable doubt that appellant was holding the complainant in a place where
she was not likely to be found as he drove on Hills Prairie Road. Fann v. State, 696 S.W.2d 575
(Tex. Crim. App. 1985); Sanders v. State, 605 S.W.2d 612 (Tex. Crim. App. 1980). Points of
error two and three are overruled.

 In point of error four, appellant urges that the evidence is legally insufficient to
sustain the sexual assault conviction because the State failed to prove that he penetrated the
complainant's sexual organ. Appellant notes that the complainant testified that "he penetrated me"
and "had sex with me," but did not specifically state that he penetrated her sexual organ. 
Appellant cites the former rule that, in circumstantial evidence cases, the State must disprove all
reasonable alternative hypotheses except the guilt of the accused. Carlsen v. State, 654 S.W.2d
444, 448 (Tex. Crim. App. 1983) (opinion on rehearing). Asserting that the State failed to prove
that the seminal fluid found in the complainant was his, appellant argues that the evidence does
not eliminate the possibility that he forced the complainant to engage in anal or oral intercourse.

 Appellant was tried after the Court of Criminal Appeals announced its decision in
Geesa v. State, 820 S.W.2d 154 (Tex. Crim. App. 1991). In Geesa, the court overruled Carlsen
and held that the reasonable alternative hypothesis construct was not to be applied in cases tried
thereafter. Viewing all the evidence in the light most favorable to the verdict, a rational jury
could find beyond a reasonable doubt that appellant penetrated the complainant's sexual organ. 
Point of error four is overruled.

 Appellant's fifth point of error complains of an alleged misstatement of law made
during the prosecutor's argument to the jury. The statement was made without objection as the
prosecutor was discussing the definitional portion of the charge.



 Paragraph five gives you the definition of what abduct means. We've
talked about it before. I'm not going to bother to read it now. It also goes on and
defines the word restrain. I would ask you to disregard that simply because we
have not charged anything -- we have not charged Ronnie Lincoln with having
restrained her. That's just surplus. It was in there because that was a part of the
statute.



Appellant correctly points out that the Penal Code defines "abduct," the key element of
kidnapping, as restraint with intent to prevent liberation. Tex. Penal Code Ann. § 20.01(2) (West
1989). Thus, he urges, the definition of "restraint" found in the charge was not surplusage to be
disregarded by the jury during its deliberations. The State replies that the prosecutor was merely
urging the jury not to convict appellant of kidnapping solely on a finding that he restrained the
complainant.

 The charge set forth the statutory definitions of "abduct" and "restrain," and thus
defined abduction in terms of restraint. The charge authorized appellant's conviction for
kidnapping only after a finding that he abducted the complainant. Considering the charge as a
whole, we are satisfied that the prosecutor's suggestion that the jury disregard the definition of
"restrain" was not so manifestly improper and prejudicial as to require the reversal of the
judgment. Burke v. State, 652 S.W.2d 788 (Tex. Crim. App. 1983). Point of error five is
overruled.

 We also overrule point of error eight, in which appellant argues that the district
court should have intervened, even without objection, when the prosecutor made the misstatement
of law that is the subject of the fifth point of error. Appellant cites no pertinent authority in
support of this contention. Even if we were to agree that trial courts have some duty to interrupt
jury argument to correct misstatements of law or other improprieties, we do not believe that the
court's failure to do so here was reversible error.

 The sixth point of error also complains of improper jury argument. While
discussing the paragraph applying the law of sexual assault to the facts, the prosecutor said:



 Again, intentionally and knowingly on the sexual assault by threats, force
or violence. In other words, if you find that he used threats or if you find that he
used force, I don't think you're going to find he used violence, so if he used either
threats or force, then you can find him guilty because it was without her consent.



Appellant argues that this was a misstatement of law because the prosecutor failed to mention that
the victim must believe that the assailant has the present ability to execute the threat. Appellant
did not voice this objection at trial.

 The State responds to this point of error by noting that prosecutors are not limited
in their arguments to verbatim readings from the Penal Code. We agree, and do not believe that
the prosecutor's argument here was calculated to prejudice appellant. In the definitional portion
of the charge, the court instructed the jury that a sexual assault is without consent if it is
compelled by threat, and if the victim believes that the actor has the present ability to execute the
threat. Considering the charge as a whole, we find that no error is presented. Point of error six
is overruled.

 In his seventh point of error, appellant contends that the prosecutor twice argued
that the community demanded or expected a verdict of guilty. See Motley v. State, 773 S.W.2d
283, 293 (Tex. Crim. App. 1989). The prosecutor concluded his opening remarks at the guilt
stage as follows:



 Now, Mr. Ducloux [defense counsel] is going to have a chance to talk with
you about the offense as well and argue his side of the case, and after he gets up
I will have another chance to get up and summarize and rebut some of the things
that he may have said. But I do feel like this is a very strong case and it's one
which our community demands justice on. So we would hope that you would
come back with a -- not only a strong verdict, but a fast verdict as well.



There was no objection to this statement. Later, in his closing argument, the prosecutor stated:



 You know, back when you all were sitting over here as one of the jury
panel in reference to one of my questions said -- whenever I was asking about
sexual assault she said, you know, I feel like whenever a woman says no she means
no. And I assume that she meant by that that a woman's body is sacred and she
has the -- should be the sole person --


 MR. DUCLOUX: -- Your Honor.


 MR. SANDERSON [prosecutor]: -- to have power over that body.


 MR. DUCLOUX: -- I object. No evidence as to what was meant by that. 
It's not evidence in the case.


 THE COURT: The jury will remember the evidence it heard.


 MR. SANDERSON: Ladies and gentlemen, it's up to you. Right now this
case is fully presented to you. In Bastrop County -- you have to go back and
answer the question in Bastrop County if a woman says no does she mean no. 
That's the question you have to ask.



Appellant made no further objection.

 We do not believe that these arguments by the prosecutor constituted requests for
the jury to convict based on community sentiment or desire. The prosecutor's first remark, that
the community demands justice, was similar to that deemed proper in Motley. Id. The second
remark, asking the jury to decide if "no means no," was clearly a plea for law enforcement. Point
of error seven is overruled.

 Appellant's ninth point of error complains of Batson error. Batson v. Kentucky,
476 U.S. 79 (1986); see also Tex. Code Crim. Proc. Ann. art. 35.261 (West 1989). Appellant
contends that the only two black venire members who remained on the jury panel after challenges
for cause were made, Robert Shelton and McArthur Hill, were peremptorily challenged by the
State on the basis of their race. After appellant raised this objection in the district court, the
prosecutor explained the reason for the strikes as follows:



 Judge, they both indicated that they knew the defendant and my recollection
is that they both indicated at one time that they would have difficulty passing
judgment, although they didn't express it in exactly that way, over the defendant. 
Although it did not amount to a legitimate or sufficient reason for striking the
people for cause, we certainly feel like it's sufficient to use one of our preemptory
[sic] strikes.



After hearing this explanation, the district court overruled appellant's Batson objection.

 At the conclusion of voir dire, several panel members, at the court's invitation,
spoke individually to the court to express reservations they had in serving on the jury. Shelton
told the court, "I was kind of close to his [appellant's] mother. She passed on. His father, I knew
the family you know, real good." Similarly, Hill told the court, "I don't know if it would be, you
know, difficult for me to be a juror, but I just know them. You know, I know them." Both
Shelton and Hill assured the court that he could listen to the evidence and follow the law, and
neither was challenged for cause.

 Appellant makes two arguments under this point of error. First, he contends that
Shelton and Hill were "rehabilitated," and points to the prosecutor's statement that neither was
challengeable for cause as evidence that the prosecutor's explanation for the peremptory strikes
was false. In making this argument, appellant fails to distinguish between challenges for cause
and peremptory challenges. The purpose of peremptory challenges is to permit both parties to
strike venire members who are qualified to serve and not challengeable for cause. That Shelton
and Hill were not subject to challenge for cause does not mean that the State was prohibited from
exercising peremptory challenges against them.

 Appellant's second argument is that the State was guilty of disparate treatment. 
That is, panelists with the same or similar characteristics as the challenged panelists were not
struck. See Young v. State, 826 S.W.2d 141 (Tex. Crim. App. 1991); Keeton v. State, 749
S.W.2d 861, 868 (Tex. Crim. App. 1988). In support of this argument, appellant notes that
venire member Cynthia Sharp was not peremptorily challenged by the State even though she was
acquainted with defense counsel. Sharp stated during voir dire that she did not know defense
counsel socially, nor did she know his wife. She did know, however, that the law firm with
which defense counsel was associated "is the attorney for the bank and they're directors of the
bank." We presume from this remark that Sharp was employed by or otherwise associated with
the bank, although the record is silent on this point.

 Both Shelton and Hill felt the need to tell the district court that their knowledge of
or friendship with appellant's family would make it difficult for them to serve as jurors. Sharp's
connection with defense counsel, on the other hand, was shown to be tenuous at best, and the
panelist never indicated that it might interfere with her service as a juror. We conclude that the
State's failure to strike Sharp does not demonstrate disparate treatment of similarly situated venire
members.

 A potential juror's friendship with the defendant's family, even if the juror believes
he can be fair, is a race-neutral reason for the State exercising a peremptory challenge. The
district court's implicit finding that the State's peremptory challenges to Shelton and Hill were not
racially motivated has not been shown to be clearly erroneous. See Whitsey v. State, 796 S.W.2d
707, 726 (Tex. Crim. App. 1990) (opinion on rehearing). The ninth point of error is overruled.

 In his tenth and final point of error, appellant asserts that he was given ineffective
assistance by trial counsel. To succeed in this claim, appellant must demonstrate that counsel was
guilty of acts or omissions that were outside the wide range of professionally competent
assistance, and that there is a reasonable probability that but for counsel's errors the result of the
trial would have been different. Strickland v. Washington, 466 U.S. 668, 690-92 (1984);
Hernandez v. State, 726 S.W.2d 53 (Tex. Crim. App. 1986). 

 Appellant urges that his trial counsel was ineffective because he failed to preserve
the Batson error discussed in point of error nine, and because he failed to object to the improper
jury arguments discussed in points of error five, six, and seven. We fully considered the merits
of appellant's Batson claim under point of error nine. We also considered the merits of
appellant's jury argument points, although we did note the absence of objections. Thus, counsel's
procedural errors with regard to those points are of no consequence to this cause. We also note
that a defendant is not entitled to errorless counsel, and that our review of counsel's efforts must
be based on the totality of representation. Boles v. State, 598 S.W.2d 274, 279 (Tex. Crim. App.
1980). Considering that totality in this cause, we conclude that appellant was not denied his right
to effective assistance of counsel. Point of error ten is overruled.

 The judgments of conviction are affirmed.



[Before Justices Powers, Kidd and B. A. Smith]

Affirmed on Both Causes

Filed: September 15, 1993

[Do Not Publish]
1. The 1991 amendment of section 22.011, effective after this offense was committed, is
irrelevant to this cause.
2. Appellant and the complainant were divorced. The child was the product of their marriage.
3. Section 22.011(b)(1) provides that a sexual assault is without consent if the actor compels
the other person to submit or participate by the use of physical force or violence. Section
22.011(b)(2) provides that a sexual assault is without consent if the actor compels the other person
to submit or participate by threatening to use force or violence against the other person, and the
other person believes that the actor has the present ability to execute the threat. Penal Code §
22.011(b)(1), (b)(2).