COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

 

NO.
2-08-159-CR

 

JESSE MARIANO VASQUEZ                                                 APPELLANT

 

V.

 

THE STATE OF TEXAS                                                                STATE

 

----------

 

FROM
CRIMINAL DISTRICT COURT NO. 4 OF TARRANT COUNTY

 

----------

 

MEMORANDUM
OPINION[1]

 

----------

 

Introduction

 

Appellant Jesse Mariano
Vasquez appeals his conviction for kidnapping. 
In two points, he asserts that the trial court erred when it denied his
requested jury charge on the lesser-included offense of unlawful restraint and
that the evidence is factually insufficient to support his conviction.  We affirm.








Background Facts

In 2004, Leandra Castillo and
Vasquez began a relationship.  They had a
son in 2006.  Castillo considered Vasquez
as her common-law husband. 
They lived together in Castillo=s parents= house until
August 2007, when Vasquez moved out.

On the night of September 22,
2007, Vasquez and Castillo had plans to go out together.  Vasquez never picked up Castillo, and when he
could not be reached, Castillo went out with her friends instead.  Vasquez and Castillo finally talked on the
phone at two o=clock in the
morning.  Vasquez said he had gotten a
flat tire.

Castillo then went to her
cousin=s (Belinda Fernandez=s) house;  Fernandez, her
husband, and a number of the husband=s friends were in the house. 
Vasquez and Castillo talked on the phone again, and Castillo told
Vasquez where she was.  Vasquez arrived
at Fernandez=s house
about twenty minutes later.  Driving a
blue Durango, Vasquez parked in the street, and Castillo walked up to the car. 








Vasquez was angry and asked
Castillo what she was doing with all the men. 
Castillo replied that she did not know who the men were.  Vasquez then accused her of Aho=ing around@ and Afucking
around with all these guys@ and demanded Castillo to Aget in the fucking car.@  When Castillo responded that
Fernandez would take her home instead, Vasquez grabbed a gun from the console
of his car and held it to Castillo=s hip.  Castillo got in the car
as Fernandez tried to talk to Vasquez and get the gun away from him.  Castillo then got out of the car, but
Vasquez pointed the gun at her, so she got back in, and they drove away.[2]


Vasquez drove west on
Interstate Highway 820 and told Castillo he was going to take her where Anobody could find@ her.  Fernandez called Castillo=s father, Victor, and told him what had happened.  Victor went to look for his daughter as he
began calling Vasquez and Castillo, although it is unclear which cell phone he
called.  Victor could hear both Castillo
crying and Vasquez saying not to say anything about where they were.[3]  Vasquez told Victor that he would drop
Castillo off at a nearby Whataburger, but when Victor got there, Vasquez and
Castillo were not there.  Victor called
again, and Vasquez said he would take Castillo home.  Vasquez then drove back towards Fernandez=s house.








Before they arrived, Vasquez
pulled over and stuck the gun in his mouth. 
Castillo took it out and set it on the floor by her feet.  When they stopped at Fernandez=s house, Castillo ran inside, and Vasquez drove away.

Different witnesses estimated
the time Vasquez and Castillo had been in the car as between forty-five minutes
and an hour and forty-five minutes. 
Castillo asked Fernandez to call the police.  Fort Worth Police Department Officer
Christian Dominguez responded to the call. 
Victor arrived shortly thereafter.

The grand jury indicted
Vasquez with aggravated kidnapping.[4]  At trial, Vasquez requested the inclusion of
a charge on the lesser-included offense of unlawful restraint; the trial court
denied this request.  The jury found
Vasquez guilty of the lesser-included offense of kidnapping.  They found the repeat offender paragraph true
and recommended that Vasquez be sentenced to twenty years= confinement.  The trial court
sentenced Vasquez according to the jury=s recommendation.  This appeal
followed.








The Exclusion of a
Lesser-included Offense from the Jury Charge

In his first point, Vasquez
contends that the trial court erred by refusing to include his requested jury
instruction regarding the lesser-included offense of unlawful restraint.  We use a two-step analysis to determine
whether Vasquez was entitled to a lesser-included offense instruction.  Hall v. State, 225 S.W.3d 524, 528
(Tex. Crim. App. 2007); Rousseau v. State, 855 S.W.2d 666, 672B73 (Tex. Crim. App.), cert. denied, 510 U.S. 919 (1993).  First, the lesser offense must come within
article 37.09 of the code of criminal procedure.  Tex. Code Crim. Proc. Ann. art. 37.09 (Vernon
2006); Moore v. State, 969 S.W.2d 4, 8 (Tex. Crim. App. 1998).  AAn offense is a lesser included offense if . . . it is established by
proof of the same or less than all the facts required to establish the
commission of the offense charged.@  Tex. Code Crim. Proc. Ann.
art. 37.09(1); see Hall, 225 S.W.3d at 536.  This inquiry is a question of law.  Hall, 225 S.W.3d at 535.  It does not depend on the evidence to be
produced at trial but is performed by comparing the elements of the offense as
they are alleged in the indictment or information with the elements of the
potential lesser-included offense.  Id.
at 525, 535B36.








Second, some evidence must
exist in the record that would permit a jury to rationally find that if Vasquez
is guilty, he is guilty only of the lesser offense.  Hall, 225 S.W.3d at 536; Salinas v.
State, 163 S.W.3d 734, 741 (Tex. Crim. App. 2005).  The evidence must be evaluated in the context
of the entire record.  Moore, 969
S.W.2d at 8.  There must be some evidence
from which a rational jury could acquit Vasquez of the greater offense
(aggravated kidnapping) while convicting him of the lesser included offense
(unlawful restraint).  Id.  The court may not consider whether the
evidence is credible, controverted, or in conflict with other evidence.  Id. 
Anything more than a scintilla of evidence may be sufficient to entitle
Vasquez to a lesser charge.  Hall,
225 S.W.3d at 536.

The second prong acknowledges
that there are factual circumstances in which an offense is indeed a lesser-included
offense under the first prong, but a jury charge instruction will not be
required because the conditionCthat there is at least some evidence that the defendant is not guilty
of the greater offense but is guilty only of the lesserCis not met.  See Flores v.
State, 245 S.W.3d 432, 441 (Tex. Crim. App. 2008); Pickens v. State,
165 S.W.3d 675, 679 (Tex. Crim. App. 2005).  In such a case, the offense remains a
lesser-included offense, but the trial court is not required to instruct the
jury on it.  See Flores, 245
S.W.3d at 441; Pickens, 165 S.W.3d at 679.








That is what happened in this
case.  Under Vasquez=s indictment, aggravated kidnapping occurs when a person Aintentionally or knowingly abducts[5]
another person and uses or exhibits a deadly weapon during the commission of
the offense.@  Tex. Penal Code Ann. ' 20.04(b).  Unlawful
restraint occurs when a person Aintentionally or knowingly restrains[6]
another person.@  Id. ' 20.02(a) (Vernon 2003). 
Under article 37.09, unlawful restraint is a lesser-included offense of
aggravated kidnapping.  Schweinle v.
State, 915 S.W.2d 17, 19 (Tex. Crim. App. 1996);[7]
see Mayer v. State, 274 S.W.3d 898, 900 (Tex. App.CAmarillo 2008, pet. filed); Jenkins v. State, 248 S.W.3d 291,
298 (Tex. App.CHouston [1st
Dist.] 2007, pet. ref=d).  Thus, Vasquez satisfies the first prong of
the test.








However, Vasquez cannot
satisfy the second prong.  Vasquez
contends that a jury could find that he restrained Castillo (by restricting her
movements) but that he did not abduct her (by preventing her liberation) and
that the jury could therefore convict him of unlawful restraint but not
aggravated kidnapping. 

Witnesses testified that
Vasquez forced Castillo into the car against her will at gunpoint, did not take
her home, and, most importantly, told her not to tell others where they
were.  A moving car has been held to be a
place where a person is not likely to be found. 
See Sanders v. State, 605 S.W.2d 612, 614 (Tex. Crim. App. [Panel
Op.] 1980); Francis v. State, No. 02‑05‑00046‑CR, 2006
WL 2034280, at *4 (Tex. App.CFort Worth July 20, 2006, pet. ref=d) (mem. op., not designated for publication).  Vasquez argues that he intended to take
Castillo home and thus did not intend to prevent her liberation.

However, even if Vasquez
originally intended to take Castillo home, his subsequent actions substantiate
his prevention of her liberation from his car. 
By keeping Castillo in the car for as long as an hour and forty-five
minutes, driving her around, telling her that he was taking her to a place that
Anobody could find@ her, and preventing Victor from finding her at the Whataburger,
Vasquez precluded Castillo=s liberation; he did more than merely restrict her movements.








Thus, based upon the
undisputed evidence presented by the State, no rational jury could find Vasquez
innocent of aggravated kidnapping but guilty of unlawful restraint.  See Hall, 225 S.W.3d at 536.  We overrule Vasquez=s first point.

                                                                                                Factual
Sufficiency of the Evidence

 

In his second point, Vasquez
contends that the evidence is factually insufficient to support his kidnapping
conviction.  When reviewing the factual
sufficiency of the evidence to support a conviction, we view all the evidence
in a neutral light, favoring neither party. 
Neal v. State, 256 S.W.3d 264, 275 (Tex. Crim. App. 2008), cert.
denied, 129 S. Ct. 1037 (2009); Watson v. State, 204 S.W.3d 404, 414
(Tex. Crim. App. 2006).  We then ask
whether the evidence supporting the conviction, although legally sufficient, is
nevertheless so weak that the factfinder=s determination is clearly wrong and manifestly unjust or whether
conflicting evidence so greatly outweighs the evidence supporting the
conviction that the factfinder=s determination is manifestly unjust. 
Lancon v. State, 253 S.W.3d 699, 704 (Tex. Crim. App. 2008); Watson,
204 S.W.3d at 414B15, 417.  To reverse under the second ground, we must
determine, with some objective basis in the record, that the great weight and
preponderance of all the evidence, though legally sufficient, contradicts the
verdict.  Watson, 204 S.W.3d at
417.








In determining whether the
evidence is factually insufficient to support a conviction that is nevertheless
supported by legally sufficient evidence, it is not enough that this court Aharbor a subjective level of reasonable doubt to overturn [the]
conviction.@  Id. 
We cannot conclude that a conviction is clearly wrong or manifestly
unjust simply because we would have decided differently than the jury or
because we disagree with the jury=s resolution of a conflict in the evidence.  Id. 
We may not simply substitute our judgment for the factfinder=s.  Johnson v. State, 23
S.W.3d 1, 12 (Tex. Crim. App. 2000); Cain v. State, 958 S.W.2d 404,
407 (Tex. Crim. App. 1997).

Unless the record clearly
reveals that a different result is appropriate, we must defer to the jury=s determination of the weight to be given contradictory testimonial
evidence because resolution of the conflict Aoften turns on an evaluation of credibility and demeanor, and those
jurors were in attendance when the testimony was delivered.@  Johnson, 23 S.W.3d at
8.  Thus, unless we conclude that it is
necessary to correct manifest injustice, we must give due deference to the
factfinder=s
determinations, Aparticularly
those determinations concerning the weight and credibility of the evidence.@  Id. at 9.  Our deference in this regard safeguards the
defendant=s right to a
trial by jury.  Lancon, 253 S.W.3d
at 704. 








The jury convicted Vasquez of
kidnapping, which occurs when a person Aintentionally or knowingly abducts another person.@  Tex. Penal Code Ann. ' 20.03(a) (Vernon 2003). 
Vasquez challenges the evidence supporting the jury=s finding that he intended to prevent Castillo=s liberation by secreting her in a place she was not likely to be
found; he does not challenge that he restrained Castillo.

Specifically, Vasquez
contends that he intended to take Castillo home and thus lacked any intent to
prevent her liberation.  He argues that
because her home is not a place she is not likely to be found, he did not
satisfy the secreting requirement. 
See Schweinle, 915 S.W.2d at 19.  He acted intentionally by preventing
liberation through secreting Castillo in a place she was not likely to be found
if it was his conscious objective or desire to do so; he acted knowingly if he
was aware that the prevention of her liberation would occur.  See Tex. Penal Code Ann. ' 6.03(a), (b) (Vernon 2003). 








The intentional or knowing
state of mind of a defendant may be proved without direct evidence; such a
state of mind may be Ainferred
from circumstantial evidence such as [the defendant=s] acts, words, [or] conduct.@ Guevara v. State, 152 S.W.3d 45, 50 (Tex. Crim. App. 2004); see
Mashburn v. State, 272 S.W.3d 1, 14 (Tex. App.CFort Worth 2008, pet. struck); Krause v. State, 243 S.W.3d 95,
111 (Tex. App.CHouston [1st
Dist.] 2007, pet. ref=d)
(explaining that A[p]roof of a
culpable mental state almost invariably depends upon circumstantial evidence@).  When reviewing the jury=s decision that Vasquez intentionally or knowingly prevented Castillo=s liberation by secreting her in a place she was not likely to be
found, it is Anot
necessary that [we] find to [our] own satisfaction that such was [his]
intent.  It is enough for us to find that
>any= rational
jury could have so found beyond a reasonable doubt.@  Brimage v. State, 918
S.W.2d 466, 476 (Tex. Crim. App. 1994).

The evidence in the record is
factually sufficient to support Vasquez=s conviction.  Because Vasquez
did not present any evidence to contradict the opinions and observations of the
witnesses, the jury=s implicit
determination about Vasquez=s state of mind could only be reversed for factual insufficiency if
the evidence was so weak that the determination was clearly wrong and
manifestly unjust.  See Lancon,
253 S.W.3d at 705.  We cannot conclude
that standard has been satisfied.








Vasquez=s assertion that he intended to take Castillo home does not make sense
because there is nothing in the record indicating why he did not simply do
that.[8]
 Instead, he forced Castillo into the car
and drove her around for a long period of time during which she was not
found.  And even if there was more
evidence in the record that supported Vasquez=s asserted intentions, the jury was free to either believe or
disbelieve his conflicting theory.  See Goodman
v. State, 66 S.W.3d 283, 287 (Tex. Crim. App. 2001) (stating that it Ais a jury, not a reviewing court, that accepts or rejects reasonably
equal competing theories@); Gregory
v. State, 159 S.W.3d 254, 261 (Tex. App.CBeaumont 2005, pet. ref=d).

Affording the jury=s decision appropriate deference under the authority cited above, we
conclude that the evidence in the record and recited above is factually
sufficient to show that Vasquez intentionally or knowingly prevented Castillo=s liberation by secreting her to a place she was not likely to be
found.  We therefore overrule Vasquez=s second point.

Conclusion

Having overruled both of
Vasquez=s points, we affirm the trial court=s judgment.

 

 

TERRIE LIVINGSTON

JUSTICE

 

PANEL:  LIVINGSTON, GARDNER, and WALKER, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  June 4, 2009











[1]See Tex.
R. App. P. 47.4.





[2]Castillo
testified that she felt like she had no choice but to get in Vasquez=s
vehicle.  She stated, AI was
just trying to listen.  I didn=t
want to -- I was scared.  I was thinking
about jumping out, but we were on the freeway and I didn=t.@





[3]Castillo
explained, A[Vasquez]
said not to tell [Castillo=s father] where we were at.@





[4]The
indictment alleged that Vasquez committed the offense by intentionally or
knowingly abducting Castillo through restraining her without her consent and
moving her from one place to another with the intent to prevent her liberation
by secreting her or threatening to use deadly force with a deadly weapon.  See Tex. Penal Code Ann. ' 20.04(b)
(Vernon 2003). 
The indictment contained a repeat offender notice related to
Vasquez=s
January 2006 conviction for aggravated assault.





[5]AAbduct@
means to restrain a person with intent to prevent the person=s
liberation by secreting or holding the person in a place where the person is
not likely to be found or by using or threatening to use deadly force.  Tex. Penal Code Ann. ' 20.01(2)
(Vernon Supp. 2008).





[6]ARestrain@
means restricting Aa
person=s
movements without consent, so as to interfere substantially with the person=s
liberty, by moving the person from one place to another or by confining the
person.@  Tex. Penal Code Ann. ' 20.01(1).  Restraint is without consent if it is
accomplished by force, intimidation, or deception.  Id. ' 20.01(1)(A).





[7]At
the time the Texas Court of Criminal Appeals decided the Schweinle case,
the offense now known as unlawful restraint was called Afalse
imprisonment.@  See Schweinle, 915 S.W.2d at 19.





[8]Fernandez=s
house was only about ten miles from Castillo=s parents=
house, where she was staying.